MATHIS et al. v. PRITCHARD et al.
(No. 8721.)

(Court of Civil Appeals of Texas. Ft. Worth. April 21, 1917.)

1. APPEAL AND ERROR �kö@840(1) — REVIEW — QUESTIONS CONSIDERED.

In a suit against the trustees of a common school district to enjoin the application of certain funds belonging to the district for the building of a schoolhouse, where there was no contention that the members of the board of county school trustees who made the order were not duly elected and qualified, or that the defendants were not regularly elected and qualified, or that they were proceeding in the disposition of the funds of the district in an irregular manner, or that there has been any actual effort to collect of the plaintiffs any tax in excess of that authorized by the Constitution, the appellate court will only determine question of the validity of the order of consolidation.

2. APPEAL AND ERROR ⊙═840(1) — REVIEW — QUESTIONS CONSIDERED.

In view of Acts 34th Leg. c. 36, § 4, providing for consolidation of school districts for the purpose of establishing a high school upon a petition of a majority of the qualified electors of the districts sought to be consolidated, the contention that the order of consolidation was a nullity for the reason that it was not made upon a petition of a majority of the qualified electors of the two districts consolidated will not be considered, where it is nowhere asserted in the pleadings that the consolidation was for the purpose of establishing a high school or that within those districts there were children of high school advancement.

3. SCHOOLS AND SCHOOL DISTRICTS ⊙═37(3)— CONSOLIDATION—STATUTE.

Acts 34th Leg. c. 36, § 2, provides that the general management, etc., of public schools in each county shall be vested in five county school trustees, etc. Section 4 provides that such trustees are authorized to exercise authorities heretofore vested in the county commissioners' court in respect to subdividing and making changes in school districts, and further prescribes regulations with respect to notice. Acts 32d Leg. c. 26 (which Acts 34th Leg. c. 36 amended) § 6, provides that all rights and powers pertaining to the public free schools of the county formerly vested in the commissioners' court and not prescribed by the act are vested in the county school trustees. Held that, although the word "consolidate" is not used, section 4 gave the board of county school trustees the power formerly given the county commissioners' court to consolidate

common districts already organized without petition of the electors.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 63.]

Appeal from District Court, Jones County; Jno. B. Thomas, Judge.

Suit for injunction by G. W. Mathis and others against C. L. Pritchard and others, as Trustees of Common School District No. 56 of Jones County. From an order dissolving an injunction, plaintiffs appeal. Affirmed.

E. T. Brooks and Jas. P. Stinson, both of Anson, for appellants. Andrews & Coombes, of Stamford, and R. E. Rodgers, of Anson, for appellees.

CONNER, C. J. This is an appeal from an order dissolving an injunction sued out by appellants against C. L. Pritchard and others, as the trustees of common school district No. 56 of Jones county, Tex., to restrain the application of certain funds belonging to said district to the building of a schoolhouse.

The case made by the pleadings, briefly stated, is that on or about May 23, 1914, common school district No. 56 held an election for the purpose of an issuance of bonds in the sum of $1,000 to build a schoolhouse; that the election resulted in favor of the bonds which were duly issued and sold and a tax levied on all property within the district not to exceed 50 cents on the $100 valuation to pay the bonds and interest; that thereafter, on the 25th day of September, 1915, "the duly qualified, acting county school trustees of Jones county, in session as the board of trustees for said county," entered an order "redefining and redistricting said common school district No. 56, thereby taking in common school district No. 14," which had theretofore been duly constituted. It was further alleged that a later election was held in the territory theretofore known as common school district No. 14 for the issuance of bonds for the purpose of building a schoolhouse in the sum of $1,000, which said election also resulted in favor of the issuance of bonds, and in payment of which a tax of 8 cents on the $100 valuation of property in the enlarged district had been levied.

It was complained, among other things, that the order of consolidation was without authority and void, and that by the assessment of taxes last mentioned the plaintiffs' property, situated in that part of the district originally 56, was burdened with a tax in excess of that allowed by the Constitution. It was further complained, in substance, that the trustees made defendants were about to appropriate funds obtained by the tax levy first mentioned to the building of a schoolhouse within the territory of which original school district No. 14 was composed.

[1] The result of the appeal from the judgment of the court dissolving the injunction depends, we think, upon whether or not the order of the board of trustees of date September 25, 1915, consolidating school districts Nos. 56 and 14 was valid. If that order was authorized, then, regardless of all other questions presented on this appeal, the judgment must be affirmed; for appellants made no contention that the members of the board of county school trustees who made the order were not duly elected and qualified; nor is there any contention that the defendants, the trustees of common school district No. 56 as consolidated, were not regularly elected and qualified, or that they were proceeding in the disposition of the funds of the district in an irregular manner; nor does it appear from the pleadings that there has been any actual effort to collect of appellants any tax in excess of that authorized by the Constitution. So that, as stated, we deem it to be only material to determine the question of the validity of the order of consolidation mentioned.

[2, 3] The power of subdividing counties into convenient school districts and of altering lines thereof and of consolidating districts already constituted was formerly vested in the county commissioners' courts. See Revised Statutes 1911, arts. 2815, 2816. Article 2815 was amended by act approved April 3, 1913 (Acts 33d Leg. c. 129), but the amendment is not important in the determination of the question before us. The Legislature, however, by act approved March 5, 1915 (see General Laws 34th Leg. p. 68), provided (section 2) that the general management and control of public free schools in each county of the state should be vested in five county school trustees elected from the county at the time and in the manner pointed out in the act. It was then provided (section 4) that:

"The county school trustees are authorized to exercise the authority heretofore vested in the county commissioners' court with respect to subdividing the county into school districts, and to making changes in school district lines."

After other regulations in respect to notice, it was further along in said section also provided that:

"The county school trustees shall have authority to consolidate two or more common school districts into a larger common school district where a majority of the qualified electors of each common school district at interest shall petition the county school trustees for consolidation in order that a high school may be established for the children of high school advancement in the common school district so consolidated."

One of appellants' contentions is that the order of consolidation referred to was a nullity for the reason that the order was not made upon a petition of a majority of the qualified electors of common school districts Nos. 56 and 14, but this particular phase of the appeal is not deemed important nor controlling, for the reason that it is nowhere asserted in the pleadings that the consolidation of districts Nos. 56 and 14 was for the purpose of establishing a high school, or, indeed, that within those districts there were children of high school advancement. The question presented, therefore, under the acts re-

ferred to, necessitates merely a determination of the power of the board of county school trustees to change the lines of or consolidate school districts already organized. We have concluded that the general language from section 4 of the act approved March 5, 1915, and which we first quote, gave such power. It is true the word "consolidate" is not used, but the act by its caption purports to be an act "amending chapter 26, Acts Regular Session of the 32d Legislature," which, among other things (section 6), expressly provides that:

"All rights and powers pertaining to the public free schools of the county that have heretofore been vested in the commissioners' court and that are not prescribed by this act, shall hereafter be vested in the county school trustees."

—thus, on the whole, evincing, as we think, the legislative purpose to vest in the board of county school trustees the general power, without the requirement of petitions, formerly given to county commissioners' courts to change the lines or consolidate common school districts for public free school purposes.

Since the preparation of the foregoing opinion our attention has been called to the recent case of Price v. County School Trustees, by the Dallas Court of Appeals, published in 192 S. W. 1141, but, as the case is in harmony with the conclusion already announced, a simple reference thereto will be sufficient.

Judgment affirmed.