DOVER COMMON SCHOOL DISTRICT No. 66 ET AL. v. COUNTY SCHOOL TRUSTEES OF NAVARRO COUNTY.

No. 3588.   Decided February 28, 1923.

(248 S. W., 1062.)

#### 1.—Public Schools—Consolidating Districts—Statute—Repeal.

The Act of 1915 providing for consolidation of contiguous school districts by order of the County School Trustees, on petition of qualified electors (Act of March 5, 1915, Laws, 34th Leg., ch. 36, p. 68) was repealed by the Act of 1919 (Act of July 28, 1919, Laws, 36th Leg., 2d Called Session, ch. 65, p. 167). The power to pronounce such consolidation was by the latter Act vested in the Commissioner's Court of the county, not in its County School Trustees; and was to be exercised on the authority of an election held in the two school districts, and not on petition by the electors. The County School Trustees attempting to carry out such consolidation in pursuance of their order therefor made on petition, proceeding under the Act of 1915, could be enjoined by one of the school districts from so doing.   (pp. 503-506).

#### 2.—Statutes—Repeal.

The following matters are considered in determining that the Act of 1919 in regard to consolidating school districts repealed the former Act of 1915 on the same subject: that the latter Act vests the power of consolidation in a different set of officers, and its exercise by both would give rise to a conflict of authority; that the latter Act required authority by an election held for the purpose, and could not be exercised on petition; that the general repealing clause in the Act of 1919 could operate only in a repeal of the Act of 1915; the emergency clause of the Act of 1919 declares that there was no adequate law governing the consolidation of districts; therefore in providing one they could not have intended to continue also the existing imperfect one; the apparent intention of the Act of 1919 was to create another and exclusive method of consolidation.   (pp. 504-506).

Questions certified from the Court of Civil Appeals for the Fifth District, in an appeal from Navarro County.

*Callicutt & Johnson,* for appellants.

The 1919 Act expressly declares ''All laws and parts of laws in conflict with this Act are repealed'' (Section 10), thereby indicating that certain laws were in conflict therewith, and expressly declaring a repeal thereof.

The Legislature, in declaring the reason for the passage of the 1919 Act, bases same upon *''The fact that there is now no adequate*

*law in this State governing the consolidation of school districts,"*
thereby declaring the insufficiency of the laws then existing relating
to the consolidation of school districts, and hence providing an ad-
equate law to thereafter govern their consolidation.

Where an act directs the performance of certain things in a par-
ticular manner, it thereby forbids by implication every other manner
of their performance.

*Richard Mays,* for appellee.

The statutory provisions relating to the powers of county school
trustees and other provisions of the statute relating to consolidation
or federation for specific educational purposes, can not properly be
held destructive of one or the other, but should be held *in pari
materia.* Cole v. State ex rel. Cobolini, 106 Texas, 472; Railway Co.
v. Marcofich, 221 S. W., 582; Lasater v. Lopez, 110 Texas, 179; opin-
ion of Attorney-General to State Superintendent, June 7, 1920.

MR. JUSTICE PIERSON delivered the opinion of the court.

Briefly stated, the case certified to us is as follows:

On August 10, 1920, County School Trustees of Navarro County,
Texas, entered an order declaring Dover Common School District
No. 66 to be consolidated with Headquarters Common School Dis-
trict No. 114. No election to ascertain the will of the majority of the
qualified electors of each district had been held, and no action taken
thereon by the Commissioners' Court of Navarro County, as provided
for in Chapter 65, p. 167, Acts of the Second Called Session of the
Thirty-sixth Legislature (referred to as the Act of 1919), Complete
Texas Statutes, Article 2817-¼.

A petition signed by a majority of the qualified electors of the
two districts had been presented to the County School Trustees as
provided in Chapter 36, p. 68, Acts of the Thirty-fourth Legislature
(referred to as the Act of 1915). It was under the authority of the
1915 Act that the County School Trustees acted in declaring the
consolidation of the two common school districts.

Appellants, Dover Common School District No. 66 et al., brought
this suit to enjoin the attempted consolidation of the districts, and
further acts thereunder, alleging that the County School Trustees
were without authority or color of law to effect such consolidation;
that no election had been held as required by law, and that said
order of consolidation was illegal and void. The District Court of
Navarro County sustained a general demurrer to appellants' peti-
tion, and refused to grant a temporary injunction.

The Honorable Court of Civil Appeals for the Fifth Supreme Ju-
dicial District certify to us three questions as follows:

"Question 1. Were the facts alleged by the appellees obnoxious to a general demurrer?

"Question 2. Does Chapter 65, Acts of Second Called Session of Thirty-sixth Legislature, page 167, providing for the consolidation of school districts repeal former laws on the same subject?

"Question 3. Did appellee, County School Trustees, have the power or authority, under the law, to consolidate the Dover Common School District No. 66 with Headquarters Common School District No. 114 and create the Dean Common School District in their stead, without the question of such consolidation being submitted to the voters of the districts affected?"

The decision of the case depends upon the question of whether or not the Act of 1919 repealed the provisions of the Act of 1915 relating to consolidation of common school districts.

Such, we think, was the effect of the Act of 1919 as disclosed by the clear intent of that Act and by its repealing clause.

Chapter 124, Section 51, Acts of the Twenty-ninth Legislature, 1905, (Article 2816, Complete Texas Statutes 1920), places with the County Commissioners' Court the authority to consolidate school districts "at any time" at its discretion.

In the Acts of 1911, Chapter 26, Sections 4 and 6, the Legislature provided for five County School Trustees, and invested them with "all rights and powers pertaining to the public free schools of the county" that had theretofore been vested in the Commissioners' Court, and provided that consolidation of common school districts for high school purposes might be effected by them "by and with the consent of the majority of the trustees of each district affected."

This is followed by the Act of 1915, and in Sections 2 and 4 thereof the Legislature reaffirms the control and management of the public free schools of each county in the County School Trustees; and Section 4 reaffirms in the County School Trustees authority with respect to subdividing the county into school districts and to making changes in school district lines. That part of Section 4 relating to consolidation of existing common school districts provides that "The county school trustees shall have authority to consolidate two or more common school districts into a larger common school district where a majority of the qualified electors of each common school district at interest shall petition the county school trustees for consolidation in order that a high school may be established for the children of high school advancement in the common school districts so consolidated."

Now, the Thirty-sixth Legislature in 1919, Chapter 65, p. 167, Complete Texas Statutes 1920, Article 2817-1/4 made radical changes in the matter of the consolidation of common school districts, in two important particulars. The authority to consolidate common school districts, that by former acts was vested in County School Trustees,

it vested in the County Commissioners' Court; and instead of a *petition* signed by a majority of the trustees of each district affected, as in the 1911 Act, or of a *petition* signed by a majority of the qualified voters of each district affected as in the 1915 Act, it requires that an election be held, and that the returns of such election shall show a majority of votes cast in each and all districts to be in favor of consolidation.

That the meaning and purpose of said Act may be made clear, we quote its caption, part of Section 1, its express repealing clause, and a part of the emergency clause. Its caption reads as follows:

"An Act providing for the consolidation of Common School Districts one with another, and for the consolidation of Common School Districts with Independent School Districts, defining ways and means whereby such consolidation may be affected, and providing for the organization and control of such consolidated districts, and providing for the assumption of all outstanding bonded indebtedness and preserving the bonding and taxing powers of said district, and declaring an emergency."

Section 1 in part reads as follows:

"That when any number of contiguous Common School Districts within this State, desiring to consolidate for school purposes, present a petition to the county judge of the county wherein such districts are situated, signed by twenty or a majority of the legally qualified voters of each district so desiring to consolidate, the county judge shall issue an order for an election to be held in each of the Common School Districts so petitioning, which elections shall be held on the same date. The county judge shall give notice of the date of such elections by publication of the order in some newspaper published in the county, for twenty days prior to the date on which such elections are ordered, or by posting a notice of such elections in each of the districts, or by both such publication and posted notices.

"The Commissioners' Court of the county in which such elections are held shall at its next meeting canvass the returns of such elections, and if the votes cast in each and all districts show a majority in favor of the consolidation of such common school districts, the Commissioners' Court shall declare such common school districts consolidated, said districts being contiguous territory."

"Sec. 10. All laws and parts of laws in conflict with this Act are hereby repealed."

"Sec. 11. The fact that there is now no adequate law in this State governing the consolidation of school districts, and the further fact that such a law would standardize and strengthen the organization and supervision of public schools within this State, creates an emergency and imperative public necessity," etc.

It will be observed that the subject of the Act is the consolidation of common school districts, and its purpose is to provide ways and

means whereby such consolidations may be effected; and that an adequate method may be provided for accomplishing this purpose.

Whether or not that part of Section 4 of the Act of 1915 applies to the consolidation of common school districts generally, or is limited to consolidations for the purpose of establishing high schools, yet Section 1 of the 1919 Act sets out and provides a positive and well defined method for consolidating "contiguous common school districts within this State," differing in material respects from that formerly authorized, and repugnant thereto, and places the authority to declare such consolidation in the hands of other and different parties.

If the repealing clause has any meaning whatever, and is applicable to any former Act, it must be applied to former provisions of law relating to the method and authority for consolidating common school districts.

Section 1 provides that if a *majority* of the qualified electors of each district *petition* the county judge, then an *election* shall be ordered,—not that the consolidation may be declared by the County School Trustees at their discretion, or by them upon the petition of a majority of the trustees of each district, *nor upon a petition signed by a majority of the qualified electors of each district,* but that upon the presentation of such petition signed by such majority an election shall be ordered, and then upon a favorable majority vote by each and all districts the Commissioners' Court shall declare the districts consolidated. Formerly a petition signed by a majority of the qualified electors of each district was sufficient authority for declaring a consolidation. Now the same petition is sufficient only to require that an election be ordered. The methods are radically different and inimical. Formerly the authority to declare common school districts consolidated was vested in the County School Trustees. Now it is placed with the County Commissioners' Court. These bodies are wholly independent of each other, and the exercise of the authority by each of them would necessarily result in conflict. In these two important particulars there is manifest repugnancy and inconsistency between the Act of 1919 and former Acts relating to the consolidation of common school districts.

To say that the Legislature intended to create two methods for accomplishing this important result, so much at variance in their essential requirements, and to place authority to declare such consolidation under these conflicting methods in the hands of separate and independent agencies, would be to throw the matter of consolidating common school districts into much confusion, as is shown in this case.

The Legislature in the emergency clause declares that there was no adequate law governing the consolidation of school districts. It is unreasonable to conclude that it was its purpose to add another

method to the inadequate one already provided by law; but rather to make the inadequate one adequate and sufficient by eliminating the inadequate provisions. The method by petition signed by a supposed majority of the qualified electors had serious objections, and could easily cause misunderstandings and disputes as to the verity and accuracy of the petition. The election publicly held, wherein all qualified electors could register their approval or disapproval in the usual and regular way, under the safeguards of law, was certainly a more definite and adequate way of ascertaining the majority or popular will in respect to a matter of such importance and of such sensitiveness to a community.

We are of opinion that the Legislature intended to create another and exclusive method for consolidating common school districts; that there is real repugnance between the provisions of the 1919 Acts and former Acts; and that in its repealing clause intended to, and did, repeal such former Acts in so far as they relate to consolidation of common school districts.

To Question No. 1 we answer that the general demurrer to appellants' petition should not have been sustained.

We answer Question No. 2 in the affirmative.

We answer Question No. 3 in the negative.