## CANON et al. v. RASBURY et al. (No. 3221.)

Court of Civil Appeals of Texas. Amarillo.
April 17, 1929.

Rehearing Denied May 22, 1929. Application
for Writ of Error Refused Oct. 30, 1929.

J. Ross Bell, of Childress, for appellants.
G. E. Hamilton, of Matador, and Clifford
Graves, of Paducah, for appellees.

JACKSON, J. Appellants are taxpayers
in Cottle county, Tex., and in Chalk rural
high school district No. 1 of said county. The
appellees are the school trustees of Cottle
county and their secretary and the school
trustees of said Chalk rural high school dis-
trict No. 1.

The appellants sought and obtained a tem-
porary injunction restraining the trustees of
said Chalk rural high school district No. 1
from levying and collecting school taxes on
the taxable property in said district, or issu-
ing and selling the bonds of said district for
the purpose of purchasing a site and con-
structing a brick and tile school building
thereon. Appellants ask that on a final hear-
ing said Chalk rural high school district No.
1 be decreed illegally created and void; that
the assumption by said district of $1,600 in-
debtedness against Chalk common school dis-
trict No. 22 be held invalid, and the bond
election and the bonds thereby authorized for
the erection and equipment of a school build-
ing be declared illegal and invalid, and that
the temporary injunction be made perpetual.

The appellees answered, and on a final hear-
ing the court rendered judgment dissolving
the temporary restraining order theretofore
issued, decreeing the Chalk rural high school
district No. 1 legally created and valid and
declaring the assumption by said district of
the $1,600 indebtedness against Chalk com-
mon school district No. 22 to be legal and
valid.

From this judgment the appellants prose-
cute this appeal.

The appellants challenge as error the ac-
tion of the trial court in holding that the
Chalk rural high school district No. 1 was
legally created and a valid district.

The record discloses:

That prior to February 25, 1928, the Lone
Star common school district No. 19, the Shin-
ery common school district No. 9, and the
Chalk common school district No. 22, were
common school districts in the county of Cot-
tle, with defined boundaries and were con-
tiguous to each other. That all three of said

common school districts are included within the boundaries of the Chalk rural high school district No. 1. That the said three common school districts combined contain less than 100 square miles. That each of said common school districts contain fewer than 400 scholastic pupils, and that the said three districts taken together contain fewer than 400 scholastic pupils.

That on February 25, 1928, the trustees of the Lone Star common school district No. 19, the trustees of the Shinery common school district No. 9, and the trustees of the Chalk common school district No. 22, petitioned the county school board of Cottle county, consisting of the county school trustees, for an order consolidating said three districts, thereby forming Chalk rural high school district No. 1. That on the same day the county board of school trustees of Cottle county, Tex., after reciting in the minutes that it had been petitioned by the trustees of the three above-named districts to consolidate said three districts for the purpose of forming a rural high school district to be known as Chalk rural high school district No. 1, entered the following order: "It is ordered that the Chalk Rural High School District No. One, Cottle County, Texas, be established in accordance with Art. 2922a, Revised Statutes of Texas, 1925, as amended by Chapter 78 First Called Session, 40th Legislature, 1927, and the said district is by this order established with the following metes and bounds, to-wit:"

Then follows a description by metes and bounds of the territory included in Chalk rural high school district No. 1.

That the question of creating Chalk rural high school district No. 1 was not submitted to the vote of the people of said district, or either of the three common school districts. That after the order of the board of county school trustees creating the Chalk rural high school district No. 1, seven trustees were appointed to serve such district until the next regular school trustee election to be held according to law. That at the regular election thereafter, seven trustees were elected, three of whom reside in one of the elementary districts and two each in the other two elementary districts, composing said Chalk rural high school district No. 1. That on the 27th day of July, 1928, after the election of said trustees, the funds in the various elementary school districts composing said high school district were transferred to the fund of the Chalk rural high school district. That since that time all expenses of the said Chalk rural high school district No. 1 have been paid out of said funds without considering from which district the money is derived, but that from the records it can be ascertained which of said districts contributed to the fund; that no funds have been collected and placed in the depository to the credit of said Chalk rural high school district No. 1 from any levy of taxes made for said district. That at the

time of the creation of the Chalk rural high school district No. 1, the Chalk common school district No. 22 owed a valid indebtedness of approximately $1,600. That neither the Shinery common school district nor the Lone Star common school district owed any indebtedness. That an election was thereafter held for the purpose of determining whether said indebtedness should be assumed by said Chalk rural high school district No. 1. That said election was held at but one voting box, which was at Chalk, in the Chalk rural high school district No. 1. That a majority of the votes cast were in favor of assuming said indebtedness. That there are seven teachers now employed in teaching in the Chalk rural high school district No. 1, one in the Lone Star district, two in the Shinery district, one at the Big Shinery schoolhouse, and one at the Little Shinery schoolhouse, and four are teaching at Chalk. That the county board of school trustees of Cottle county passed an order classifying the elementary schools in said Chalk rural high school district No. 1 as follows: The Shinery schools, seven grades; the Lone Star school, seven grades; and the Chalk rural high school, eleven grades. That after the Chalk rural high school district No. 1 was created, upon a petition therefor, an election was held to determine whether or not bonds should issue in the sum of $50,000 for the purchase of a site and the erection of a public school building thereon. That said election carried and none of the proceedings thereof are questioned. However, appellants contend that such election and all the orders connected therewith are void, because said Chalk rural high school district No. 1 was illegally created and said district has no existence in law.

Appellants contend that the record shows clearly that the three common school districts were attempted to be consolidated to form the Chalk rural high school district No. 1 in Cottle county, and as no election was held therefor, the creation of said Chalk rural high school district No. 1 was illegal and without authority and void, and that all acts by the trustees of said Chalk rural high school district No. 1 are void. If the record discloses that the three districts were consolidated or attempted to be consolidated, as urged by appellants, their contention must be sustained. Article 2806, Revised Civil Statutes, 1925; Dover Common School District No. 66 v. County School Trustees of Navarro County, 112 Tex. 501, 248 S. W. 1062; County Board of School Trustees of Limestone County v. Wilson et al. (Tex. Civ. App.) 5 S.W.(2d) 805, 807.

Appellees contend that the record shows a grouping of said three common school districts instead of a consolidation thereof. Rev. St. 1925, art. 2922a, as amended by Gen. & Sp. Acts 40th Leg. 1st called Sess. (1927) c. 78, § 1, provides among other things that: "In each organized county in this State and in any county which shall hereafter be organ-

ized, the county school trustees shall have the authority to form one or more rural high school districts, by grouping contiguous common school districts having less than four hundred scholastic population. * * *"

In the case of County Board of School Trustees of Limestone County v. Wilson et al., supra, the court, construing article 2922a as amended says: "The authority conferred by such provision is general in its nature and may be exercised in the discretion of such trustees without either a petition from the trustees of the districts to be affected or any kind of an election by the voters residing therein. McPhail v. Tax Collector of Van Zandt County (Tex. Civ. App.) 280 S. W. 260 (writ refused); Stinson v. Graham (Tex. Civ. App.) 286 S. W. 264, 266 (writ refused)."

It is true that the petitions, presented by the trustees of the three common school districts to the county school trustees, requested that said three districts be consolidated to form the Chalk rural high school district 'No. 1. The board of county school trustees of Cottle county had the authority to group said districts, independent of any petition by the school trustees of said common school districts and independent of any election, and while the county school board referred to the petitions of the trustees of the three respective districts, its order is that: "Chalk Rural High School District No. One, Cottle County, Texas, be established in accordance with Art. 2922a, Revised Civil Statutes, as amended," etc.

The record discloses that the three common school districts were contiguous and had a scholastic population authorizing the grouping of said districts; that neither of said districts has been abolished, but that schools are maintained in each of said districts; the grades to be taught in each district determined; the trustees for said rural high school district were elected; and that all the proceedings, since the order of the county school board establishing said high school district, have been in conformity with the requirements for the grouping of districts into a high school district. The record discloses no act or order that shows that the three districts were consolidated, and the order itself provides that the establishment of the district is in accordance with article 2922a as amended. In our opinion, the order and the record disclose a grouping of the districts into said Chalk rural high school district No. 1, instead of a consolidation of the common school districts. Terrell et al. v. Clifton Independent School District et al. (Tex. Civ. App.) 5 S.W. (2d) 808, and authorities therein cited.

The appellants present as error the action of the trial court in holding that the outstanding indebtedness of the Chalk common school district No. 22 was lawfully assumed by the Chalk rural high school district No. 1,

as established by the county board of school trustees. Their contention is that because there was but one voting box, the election held for the assumption of said indebtedness was invalid.

Article 2922h, R. C. S., 1925, as amended by Gen. & Sp. Acts 40th Leg. 1st Called Sess. (1927) c. 78, § 2, provides, substantially, that in the event elementary districts included in a high school district have outstanding, valid indebtedness, an election shall be held to determine whether or not the high school district shall assume and pay off such outstanding indebtedness of said elementary districts; that "the said election providing for the assumption of such bonded or other indebtedness shall be called and held in accordance with existing provisions of law relating to elections for the issuance of bonds by independent school districts."

There is no contention that the election was not ordered on the requisite petition, that proper notices therefor were not posted, that the purpose of the election was not properly stated in the notice and on the ballots, and no contention that all of the qualified voters did not vote at such election, and no contention that the result would have been different had there been more than one voting place established.

Under the facts revealed by the record, appellants' contention is not tenable.

The judgment of the trial court is affirmed.