

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable F. L. Massie
County Auditor
Wilbarger County
Vernon, Texas

Dear Sir:

Opinion No. O-2994
Re: Authority of county board of
trustees to consolidate or
group school districts.

We are in receipt of your letter of December 31,
1940, requesting the opinion of this department, which reads
as follow:

"Certain Independent School Districts in
Wilbarger County have heretofore made applica-
tion to the County Board of Trustees for annexa-
tion to such Independent School Districts of
certain Common School Districts that lie adja-
cent thereto. The County Board of Trustees
has then proposed to order the consolidation.
There is then proposed in the consolidated dis-
trict a tax levy for the purpose of equalizing
the tax rates in the new consolidated district.
Some of the equalized tax rates is designed for
maintenance, and certain of the proposed tax
levy is designed for the retirement of the bond-
ed indebtedness which is owed by the Independent
school district of which the common school dis-
trict has become apart.

"I would like for you to advise me on the
following questions:

"1. The authority of the County Board of
Trustees to order the consolidation of a common
school district with an independent school dis-
trict by executive order.

"2. The authority of the Board of Trustees
of the independent school district to then order
an election for the purpose of equalizing the tax
rate in the consolidated district.

"3.   Whether all of the property owners in the new consolidated district are entitled to vote in such election to equalize the tax rate.

"4.   The authority of the Board in the Independent school district to order an election for the purpose of equalizing a tax levy to be used for maintenance purposes.

"5.   The authority of the Board of Trustees of the new consolidated district to order an election to equalize a tax levy, a part of which would be used to retire the bonded indebtedness of the independent school district which now includes the common school district."

In your letter you speak of a "consolidation" of school districts, however, we cannot determine whether you have reference to a true consolidation or an annexation or grouping to form a rural high school district, as distinguished from a consolidated district.

If you have reference to the creation of a consolidated school district, then the county board of school trustees does not have authority to create such district by mere executive order but must follow the procedure set out in Article 2806, R. C. S. 1925, which, among other things, requires an election in each of the districts proposed to be consolidated.   Article 2806, R. C. S. 1925; Dover Common School District No. 66 v. County School Trustees of Navarro County, 112 Tex. 501, 248 S. W. 1062; County Board of School Trustees of Limestone County v. Wilson (Tex. Civ. App.) 5 S. W. (2d) 805; Opinion No. 0-502, a copy of which is enclosed herewith.

If, as might be inferred from your letter, you have reference to a grouping or annexation to form a rural high school district then in certain instances the county board of school trustees has authority to form such district without the necessity of an election, based upon the existence of requisite facts set out in Article 2922a, Vernon's Texas Civil Statutes.  If certain facts exist it is necessary that an election be held as provided in Article 2922c, Vernon's Texas Civil Statutes.  Since your letter does not contain the necessary facts we are unable to advise you specifically whether the county board could order an annexation or grouping of the particular districts which you have in mind.

Articles 2922h and 2922L, Vernon's Texas Civil

Statutes, contain detailed provisions for the assumption of bonded indebtedness, voting taxes to service same, equalizing and voting a local maintenance tax rate when a rural high school district is formed, and provide that "qualified tax paying voters" shall vote at such elections.

Inasmuch as your questions are of a general nature we can only refer you to the above mentioned statutes and furnish you with general answers. However, if this is not sufficient to satisfy your purposes we shall be glad to advise you further with reference to specific questions if you will furnish us with the necessary facts and point out the particular difficulty which you have.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Cecil C. Cammack
Cecil C. Cammack
Assistant

CCC:LM:wc

ENCLOSURE

APPROVED JAN 10, 1941
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN