STATE ex rel. FLORES et al. v. BRAVO, County Judge, et al.

No. 11165.

Court of Civil Appeals of Texas. San Antonio.

May 13, 1942.

Rehearing Denied June 17, 1942.

Philip A. Kazen and Bismark Pope, both of Laredo, for appellants.

Raymond, Algee & Alvarado, of Laredo, for appellees.

MURRAY, Justice.

This suit was instituted by Honorable Philip A. Kazen, District Attorney of the 49th Judicial District of Texas, in which lies Zapata County, upon the relation of Cesario Flores and eleven other resident, tax-paying citizens of Zapata County, against Honorable M. B. Bravo, County Judge of Zapata County, and the four commissioners of the county, the trustees composing the County School Board, and the trustees of Common School District No. One of Zapata County, seeking, by a quo warranto proceeding, to have said Common School District No. One, as described in an order passed by the Board of County School Trustees, on August 4, 1941, declared to be non-existent, and the issuance and sale of bonds in the sum of $100,-000 perpetually enjoined.

The trial was to the court without the intervention of a jury and resulted in a judgment that plaintiff relators take nothing by their suit.

From this judgment plaintiff and relators have prosecuted this appeal.

Appellants' first contention is that we should take judicial knowledge of the fact that Zapata County has always been a county of less than 10,000 inhabitants, and the further fact that, since the creation of Brooks County, in 1911, the area of Zapata County is 1,040 square miles. Appellees do not dispute this contention and therefore we sustain the point.

Appellants' points 2, 3 and 4 present the contention that School District No. One in Zapata County, being forty miles long and twenty miles wide, and for other reasons not necessary to here mention, should be reduced, and that, under the provisions of the Acts of 1913, p. 259, now Art. 2741, Vernon's Ann.Civ.Stats., they have a right to compel a reduction in the size of School District Number One. These three points are overruled, for the reason that this is not a suit to require the County School Board to reduce the size, of said District No. One.

Appellants' fifth point is that "the commissioners' court of Zapata County was without power to change or alter, or to attempt to change or alter, school district lines subsequent to June 4, 1911, after the creation of Brooks County, and any such attempt, if any, was wholly ineffective to disturb the then existing districts one, two and three." We sustain this point.

It is undisputed that prior to June 4, 1911, there existed three common school districts in Zapata County. Districts Nos. One and Two were active districts, while district No. Three was an inactive district. When Brooks county was created, in 1911, the major portion of District No. Three was taken by the new county, and what was left of that district in Zapata County did not have a school house and had less than ten scholastics residing in it. It is conceded that after this condition had existed for as long as five years the proper authority could have divided this dormant district among the other contiguous districts. It is further conceded that both Districts Nos. One and Two were active districts, maintaining schools and having more than ten scholastics residing in each. The order passed by the County School Board on August 4, 1941, re-defining District No. One includes all the territory formerly contained in District No. One, a part of District No. Three, and a part of District No. Two. Territory cannot be taken from District No. Two and given to District No. One, without complying with the provisions of Art. 2742, Vernon's Ann. Civ.Stats. (Acts 1935, p. 790) as to notice, etc. It is not contended that this was done.

Appellees attempted to show that on September 23, 1911, the Commissioners' Court of Zapata County passed an order establishing District No. One as it is now contended it exists. The evidence is very meager that such an order was passed, but if it was passed it would be ineffective, because the Legislature enacted a law effective on June 4, 1911, which took from the Commissioners' Court the power to change school districts and vested this power in the Board of School Trustees of each county. Gammel's Laws, Vol. 15, p. 36, § 6; Mathis v. Pritchard, Tex.Civ.App., 196 S.W. 623; Art. 2681, Vernon's Ann. Civ.Stats.; Dover Common School Dist. No. 66 v. County School Trustees of Navarro County, 112 Tex. 501, 248 S.W. 1062.

Appellees contend that District No. 1, as described in the order of August 4, 1941, had been validated by various acts of the Legislature, to-wit, Acts 1913, Chapter 129, p. 259, and also Acts of 1927, 1930, 1931, 1933, 1935, 1937, 1941. Before District No. One could have been validated by these acts, two things should have happened: a bona fide attempt by the proper authority to lay out and establish such a district and, thereafter, recognition by either state or county authorities of such district as attempted to be established. Cleveland v. Gainer, Tex.Civ.App., 184 S.W. 593.

The evidence here is sufficient to show a recognition of District No. One, by both State and County authorities, but there is a total lack of any showing that it was ever attempted to be laid out by any proper authority, and recognition alone is insufficient to establish a district even in the light of all the above-mentioned validating acts. Tomlinson v. Hunnicutt, Tex.Civ. App., 147 S.W. 612; Drake v. Yawn, Tex. Civ.App., 248 S.W. 726.

After June 4, 1911, the only proper authority to lay out or establish a school district, or to alter the boundaries of the same, was the County Board of School Trustees, and any attempt on September 23, 1911, by the Commissioners' Court of Zapata County to enlarge the boundaries of Common School District No. One was wholly void and of no effect. A mere user of the district thereafter, which had not been established by any proper authority, would not create such a district as would be validated by any one of the numerous validating acts.

The validating Act of 1941, now Art. 2815g—28, Vernon's Ann.Civ.St., took effect on June 30, 1941, and could not be given the effect of validating District No. One, as re-established by the order passed by the County Board of School Trustees, on August 4, 1941.

The order of the trial court denying appellants any relief is reversed and judgment here rendered that Common School District No. One, as described in the order of August 4, 1941, of the Board of County School Trustees, does not legally exist, and the alleged bonds, in the sum of $100,000, attempted to be authorized as bonds of said District No. One, are likewise illegal and void, but inasmuch as we must presume that the Attorney General of Texas will not approve such bonds no injunction will be granted.