RURAL HIGH SCHOOL DIST., NO. 5 OF BANDERA COUNTY et al. v. INDEPENDENT SCHOOL DIST. NO. 12 OF BANDERA COUNTY et al.

No. 11785.

Court of Civil Appeals of· Texas. San Antonio.

Dec. 17, 1947.

Rehearing Denied Jan. 26, 1948.

Dobbins & Howard, of San Antonio, for appellants.

Kampmann & Burney, of San Antonio, for appellees.

NORVELL, Justice.

Essentially, this case involves the application of various validating acts of the Legislature to certain school districts in Bandera County.

The appellant here is Rural High School District No. 5 of Bandera County, generally referred to in the briefs as the Medina District. The appellees are Independent School District No. 12 of Bandera County, referred to as the Tarpley District, and the County Board of School Trustees of Bandera County.

The Tarpley District brought suit for an injunction restraining the trustees of the Medina Rural High School District from interfering with the funds and property of the Tarpley District. The Medina District countered with an action for mandamus to compel the County Board of Trustees to regard the Tarpley District as a part of the Medina High School District, and to proceed with its statutory duty of appointing school trustees for the newly grouped district, i. e., the Medina and Tarpley combined.

Judgment was for the Tarpley District. The requested injunction was granted. The mandamus prayed for was refused.

Upon proper request, the trial judge filed findings of fact and conclusions of law.

Insofar as necessary to notice here, the trial judge found:

The Medina Rural High School District No. 5 was organized in 1930 by grouping six elementary school districts, i. e., one independent school district, the Medina District and five common school districts, namely, Wallace Creek No. 6, Lima No. 7, Crockett No. 13, Rocky Creek No. 25, and Honey Creek No. 8.

In February, 1943, the County Board of School Trustees re-defined the Winan Creek Common School District No. 32 and Myrtle Creek Common School District No. 2. Certain territory formerly situated in both the Winan Creek and Myrtle Creek Districts and lying north and west of a certain line, was designated as the Winan Creek District and made part of the Medina Rural High School District. Territory south and east of the line was designated as the Myrtle Creek District and made part of the Bandera Rural High School District.

On August 14, 1945, the County Board of School Trustees ordered an election for the grouping of the Tarpley Independent School District with the Medina Rural High School District. The election was held on September 29, 1945, and the vote in the Medina District was 127 votes for the grouping and none against. In the Tarpley District the vote was six for the grouping and 42 against.

The County Board of Trustees determined that the proposed grouping should not be approved and "the proposed District has never been approved, adopted, created or defined by any action of the County Board of Trustees of Bandera County."

█ We interpolate here to say that the part of the trial judge's findings above set forth within quotation marks has support in the evidence and, consequently, the Medina Rural High School District, as including the Tarpley District, has not been validated by the Legislative Acts relied upon by appellant. State ex rel. Flores v. Bravo, Tex. Civ.App., 162 S.W.2d 1052, writ refused.

The trial judge concluded, as a matter of law: "That at the time that the election was called for the grouping of Medina High School District No. 5, with Independent School District No. 12, the Medina Rural High School District No. 5 consisted of seven (7) school districts; that under the terms of Article 2922c, the Revised Statutes of 1925, it is provided that where there is an attempt to group more than seven (7) districts together for rural high school purposes, that it may be done only on a vote of a majority of the qualified voters in each district within such proposed rural high school district."

Under Article 2922a, Vernon's Ann.Civ. Stats., the county school trustees are authorized to form rural high school districts by grouping contiguous common and independent school district under certain conditions.

At the times pertinent to this litigation, Article 2922c (since amended), Vernon's Ann.Civ.St. art. 2922c, relating to "area", read as follows: "No rural high school district, as provided for herein, shall contain a greater area than one hundred square miles, or more than seven elementary school districts, except that the county school board of school trustees may form rural high school districts, as provided in Article 2922a, containing more than one hundred square miles, upon a vote of a majority of the qualified electors in the said proposed rural high school district voting at an election called for such purpose; and provided further, that the said board of county school trustees may form a rural high school district containing more than seven elementary districts upon a vote of a majority of the qualified voters in each of the elementary districts

within such proposed rural high school district."

The proposed district to be formed by grouping the Medina and Tarpley Districts would have contained over one hundred square miles. Therefore the judgment turns upon the trial court's holding that eight elementary school districts were involved. If this holding be supported by the evidence, then the judgment must be affirmed, as the vote was unfavorable to the grouping in the Tarpley District.

■ The 1930 grouping of one independent school district and five common school districts into a rural high school district did not operate to abolish the component elementary districts. 37 Tex. Jur. 901, § 41; Live Oak County Board of School Trustees v. Whitsett Common School Dist., Tex.Civ.App., 181 S.W.2d 846, wr. ref; Hankins v. Connally, Tex.Civ.App., 206 S.W.2d 89.

This brings us to a consideration of the evidence relating to the change in boundary lines, etc., of Winan Creek District No. 32 and Myrtle Creek District No. 2.

There appears in the Statement of Facts the record of a meeting of February 5, 1943, wherein a new dividing line between Winan Creek District and Myrtle Creek District is set out by metes and bounds. This February resolution orders that all territory north and west of the line shall become part of the Medina District.

On August 9, 1943, according to the records of the county trustees, the following occurred:

"A motion by Dr. Butler, seconded by W. O. Hatfield, that all territory west of the established division line, that formerly was a part of Winan's Creek District No. 32 and of Myrtle Creek District No. 2, be included to form Winan's Creek Common School District No. 32; and likewise all territory lying east of the established division line, that was formerly a part of Winan's Creek District No. 32 and of Myrtle Creek District No. 2, be included to form Myrtle Creek Common School District No. 2.

"A motion was then made and seconded, to annex to Medina Rural High School District the newly created Winan's Creek School District No. 32. This motion carried unanimously.

"A motion was made and seconded to annex the newly created Myrtle Creek District No. 2 to Bandera Rural High School District. This motion carried."

The record of these motions is followed by so-called "official orders" which are formal resolutions effecting changes in the boundaries of the elementary school districts involved and describing the new boundaries thereof by metes and bounds.

Mr. W. R. Fletcher, president of the Board of County Trustees, testified that the south line of the Winan Creek School District was regarded as the present south or east line of the Medina Rural High School District.

Appellees rely upon Articles 2815g—32, 2815g—34, 2815g—36 and 2815g—38, Vernon's Ann.Civ.Stats. The validating acts are all similar in wording and were passed by the 49th (1945) and 50th (1947) Legislatures. Article 2815g—32 reads in part as follows: "All school districts, * * * heretofore laid out and established or attempted to be established by the proper officers of any county or by the Legislature of the State of Texas, and heretofore recognized by either State or County authorities as school districts, are hereby validated in all respects as though they had been duly and legally established in the first instance. * * * All acts of the County Boards of Trustees in any and all counties in rearranging, changing or subdividing such school districts or increasing, or decreasing the area thereof, in any school district of any kind, or in creating new districts out of parts of existing districts or otherwise, are hereby in all things validated."

■ In our opinion the evidence supports the trial court's finding that at the time of the disputed election here involved, the Medina District included seven elementary school districts, one of them being Winan Creek District No. 32, which had been legally validated by the Legislature as had its inclusion in the Medina High School District. State ex rel. Flores v. Bravo, Tex.Civ.App., 162 S.W.2d 1052, wr. ref.

The judgment appealed from is affirmed.