## COUNTY BOARD OF SCHOOL TRUSTEES OF LIMESTONE COUNTY v. WILSON et al. (No. 664.)

Court of Civil Appeals of Texas. Waco.
April 5, 1928.

1. **Schools and school districts** ⊂⇒42(2)—Consolidation of common school and high school districts to form rural high school held unauthorized, where both districts had under 400 scholastic population (Rev. St. 1925, art. 2922a, as amended by Laws 1st Called Sess. 1927, c. 78).

Consolidation of common school district and common consolidated rural high school district contiguous thereto for purpose of forming rural high school *held* unauthorized under Rev. St. art. 2922a, as amended by Act June 8, 1927 (Laws 1st Called Sess. 1927, c. 78), where each of the two districts had less than 400 scholastic population, since under such circumstances mere grouping of district and not annexation is permitted by statute.

2. **Schools and school districts** ⊂⇒42(2)—Election for consolidation of school districts held not sustained as election for annexation of district's territory, where returns were never canvassed or results declared (Laws 1st Called Sess. 1927, c. 84, § 3).

Election for consolidation of school districts *held* not sustained as election to abolish school district and annex territory contained therein to contiguous district under Act June 8, 1927, § 3 (Laws 1st Called Sess. 1927, c. 84), where election was held only in one district and returns thereof were never canvassed nor result declared as required by statute in case of election for annexation of district.

3. **Schools and school districts** ⊂⇒42(2)—Authority of school trustees to group contiguous common school districts to establish high school does not extend to consolidation (Rev. St. 1925, art. 2922a, as amended by Laws 1st Called Sess. 1927, c. 78; Rev. St. 1925, arts. 2922b to 2922l, 2806, 2807, 2811, 2815).

Authority of school district trustees to group common school districts under Rev. St. art. 2922a, as amended by the Act of June 8, 1927 (Laws 1st Called Sess. 1927, c. 78), for purpose of establishing rural high school, does not extend to consolidation of contiguous school districts, in view of articles 2922b to 2922l, inclusive, arts. 2806, 2807, 2811, 2815, 2922f.

4. **Schools and school districts** ⊂⇒42(2)—Consolidation of school districts destroys districts' separate identity (Rev. St. 1925, arts. 2806–2815).

Where two or more common school districts are consolidated under Rev. St. 1925, art. 2806–2815, each district loses its separate identity except for certain limited purposes, and elementary schools may be located by trustees of the consolidated district under Rev. St. 1925, art. 2811, whereas, on grouping of common school districts to establish high school, under art. 2922a, as amended by Act June 8, 1927 (Laws 1st Called Sess. 1927, c. 78) each district retains its identity, and separate elementary schools must be maintained therein under article 2922f.

Appeal from District Court, Limestone County; W. R. Boyd, Judge.

Suit by W. R. Wilson and others against the County Board of School Trustees of Limestone County for an injunction. From a judgment for plaintiffs, defendant appeals. Affirmed.

Mr. and Mrs. C. S. Bradley and J. E. & B. L. Bradley, all of Groesbeck, for appellant.

L. W. Shepperd, of Groesbeck, for appellees.

GALLAGHER, C. J. This suit was instituted in the district court by W. R. Wilson and 11 others, residents and property taxpayers in Marx Chapel common school district in Limestone county and patrons of the school maintained in said district, against the county board of school trustees in and for said county, to enjoin said board from consolidating said Marx Chapel common school district with Ben Hur, another common school district of said county. No other relief was sought. A temporary injunction was granted.

The case came on for hearing in term time and was tried before the court without a jury upon an agreed statement of facts. Said agreed statement shows that Marx Chapel, a common school district, and Ben Hur, a common consolidated rural high school district, are contiguous common school districts situated in said county; that both said districts

have less than 400 scholastic population; that Marx Chapel district has an indebtedness of $3,000 and Ben Hur an indebtedness of $1,500; that the trustees of Marx Chapel district presented to the county board of school trustees a petition signed by two of them, the same being a majority of such trustees, requesting said board to consolidate said district with said Ben Hur district to form a rural high school to be known as Ben Hur consolidated rural high school; that the trustees of Ben Hur district presented to said county board of school trustees a petition signed by 7 of them, being all of such trustees, requesting said board to consolidate Marx Chapel and Ben Hur school districts to form a consolidated rural high school; that an election had theretofore been held in Marx Chapel district, for the purpose of determining whether or not said district should be consolidated with Ben Hur district, at which election 18 votes were cast, 10 of which were for and 8 against consolidation; that said election was ordered by the county judge of Limestone county, Tex.; that the returns were never canvassed by the commissioners' court because no election was held in Ben Hur district, as the law provides, and that no such election was ever ordered for said district; that said county board of school trustees met in called session, four members thereof being present, together with the county superintendent, the secretary of said board, and unanimously voted to consolidate Marx Chapel and Ben Hur districts, thereby forming the Ben Hur consolidated rural high school; that said board then appointed 7 trustees for said new district, 5 of whom were trustees of said former Ben Hur district and 2 of whom were trustees of said former Marx Chapel district; that said county board of school trustees were proceeding as rapidly as possible under their general power and under the request of the trustees of the districts affected, to consolidate Marx Chapel and Ben Hur districts, thereby forming the Ben Hur consolidated rural high school, when the temporary injunction was granted restraining them from proceeding further with such consolidation. The court rendered judgment perpetuating the temporary injunction and permanently enjoining said board from further attempting to enforce said order of consolidation of said districts so made as aforesaid.

## Opinion.

Appellant presents as ground for reversal a single assignment of error, which is as follows:

"The court erred to the prejudice of the appellant in rendering judgment for appellees perpetuating the injunction previously issued, restraining them from proceeding with the formation of a school district, and in not rendering judgment for appellant dissolving said injunction and thus permitting them to proceed with their duty in respect to said school district."

[1] Appellant's first proposition under said assignment is as follows:

"The county board of school trustees of Limestone county was and is authorized to form a rural high school district out of the Ben Hur consolidated rural high school district and the Marx Chapel common school district, both having less than 400 scholastic population, upon the approval of the board of trustees of each of said districts affected, as it was proceeding to do when restrained by order and judgment of the court."

Article 2922a of the Revised Statutes as amended by the act of June 8, 1927 (Gen. Laws 1st C. S. 1927, p. 206 et seq.), confers upon county school trustees authority to form' one or more rural high school districts by grouping contiguous common school districts having less than 400 scholastic population for the purpose of establishing and operating rural high schools. Said article also confers authority on county school trustees to annex one or more common school districts to a common school district having 400 or more scholastic population upon the approval of the board of trustees of each school district affected. The authority to annex contiguous common school districts to such a nuclear common school district upon the approval of a majority of the trustees of each district affected is the authority relied upon by appellant to sustain its action in the premises. According to the express terms of said statute, contiguous common school districts can be annexed to another common school district for the purpose of forming a rural high school only when such nuclear district contains more than 400 scholastic population. The agreed statement of facts in this case shows that Ben Hur district has less than 400 scholastic population. The provision of said article so relied on by appellant did not authorize it to annex said Marx Chapel district to said Ben Hur district to form a rural high school district, notwithstanding the approval of such action by a majority of the trustees of each of said districts.

[2] Appellant's second and last proposition under said assignment is as follows:

"The county board of school trustees was and is authorized to form a rural high school district out of the Ben Hur consolidated rural high school district and the Marx Chapel common school district and the territory therein, upon the majority vote of the qualified taxpaying voters residing within the Marx Chapel common school district having voted so to do, by dissolving said Marx Chapel common school district and annexing the territory contained therein to the contiguous Ben Hur consolidated rural high school district, as it was proceeding to do when restrained by order and judgment of the court."

Appellant here invokes, to sustain its action in consolidating said districts, the authority conferred by section 3 of the Act of June 8, 1927 (Gen. Laws 1st C. S. 1927, pp. 228, 229). Said section provides, in substance, that when a majority of the legally qualified property taxpaying voters residing within any common school district shall vote so to do, the board of trustees may abolish said common school district and annex the territory contained therein to one or more contiguous school districts. It is, however, further provided in said section that such election shall be ordered by the county judge and the returns canvassed and the results declared, as provided by law for other elections pertaining to common school districts. Appellant's action in the premises cannot be sustained on such ground. The election referred to in the agreed statement of facts was not to abolish Marx Chapel district, but to consolidate it with the Ben Hur district. While the result of the vote at such election was shown, it was further shown that such election had been held illegal and that the returns thereof had never been canvassed nor the result declared. Said purported election did not abolish said district and conferred no authority upon appellant to consolidate it with Ben Hur or any other school district.

[3, 4] Appellant contends in argument under the foregoing propositions that authority to consolidate said districts was conferred by the provisions of article 2922a, above recited, which authorize county school trustees to form rural high school districts by grouping contiguous common school districts having less than 400 scholastic population. The authority conferred by such provision is general in its nature and may be exercised in the discretion of such trustees without either a petition from the trustees of the districts to be affected or any kind of an election by the voters residing therein. McPhail v. Tax Collector of Van Zant County (Tex. Civ. App.) 280 S. W. 260 (writ refused); Stinson v. Graham (Tex. Civ. App.) 286 S. W. 264, 266 (writ refused): Such authority, however, is merely to group such districts for the purpose of forming a rural high school district. Articles 2922b to 2922l, inclusive, specify in detail how such districts shall be formed and impose certain limitations on the exercise of the authority so conferred. Said articles also provide for the control and management of the schools in such districts and define the relations between the high school and the elementary schools to be maintained therein. They further provide that the elementary districts composing said high school district shall not be consolidated nor abolished by the county school trustees except upon a vote of the qualified electors residing therein, unless the daily school attendance for the preceding year shall have fallen below twenty. They further provide that the county school trustees shall classify such elementary schools and designate the number of grades to be taught therein, and that when such classification is made the trustees of such rural high school district shall maintain such schools for the same length of time as all other schools in such high school district. Various other matters pertaining to the maintenance and operation of schools in such district are specified with like particularity. The order made by appellant here under consideration did not purport to group said two districts for the purpose of forming a rural high school district under the authority of said articles and in conformity with the requirements therein prescribed. Said order, on the contrary, consolidated said districts. Consolidated common school districts are defined by statute. They may under the provisions of article 2806, Revised Statutes, be created by an order of the commissioners' court when such action has been duly authorized by the qualified voters residing in each district affected, voting separately at an election held in each such district. Articles 2807 to 2815 of said statutes provide in detail for the control and management of the schools in such consolidated districts. A recital of such provisions is unnecessary. It is sufficient to say that they differ in many material respects from the provisions for the control and management of high school districts formed by grouping under the provisions of said articles 2922a et seq. When two or more districts are consolidated under the articles above referred to, each district loses its separate identity, unless it be for certain limited purposes in connection with taxation, and they together thereafter constitute a single district as though they had never had separate existence. In such cases elementary schools may be located by the board of trustees of the consolidated district as need therefor may appear. R. S. art. 2811. On the contrary, when two or more common school districts are grouped to form a high school district, as above shown, each of such districts retains its identity, and separate elementary schools must be maintained therein. R. S. art. 2922f. We cannot assume that appellant did not intend to do what the unequivocal language of the order made and entered by it declared should be done, that is—that said two districts should be consolidated. Since appellant had no authority to make such order, the judgment of the trial court enjoining it from further attempting to enforce the same should be affirmed, and it is so ordered.

Associate Justice STANFORD took no part in the consideration and disposition of this case.