

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

Gerald C. Mann

ATTORNEY GENERAL

Hon. Walter Murchison        Opinion No. O-2493
County Attorney             Re: Moving buildings from one
Haskell County              elementary district to another
Haskell, Texas              within a Rural High School Dis-
                            trict.

Dear Sir:

We are in receipt of your letter of June 25, 1940, requesting an opinion by this Department which reads in part as follows:

"As it has been presented to me the facts in this case are as follows: The Pleasant View Common School District was, in 1938, grouped with the Weinert Independent School District and several other common school districts to form Weinert Rural High School District after an election held for that purpose. Since that time and for about two years prior thereto no school has been held in the Pleasant View District, the pupils of said district having attended the Weinert School under contract prior to the formation of the rural high school district and afterward under transfer there. During all of said time and at the present there are and were approximately 35 pupils attending the Weinert School from the Pleasant View Common School District.

"Under the above state of facts the Board of Trustees of the Weinert Rural High School District are planning to ask the abolition of the Pleasant View District by the County Board of Trustees that they be enabled to remove the school building formerly used for elementary school purposes in the Pleasant View District to Weinert that it be there used to supplement the housing facilities now available.

"There would seem to be no prior agreement or contract such as is mentioned in Chastain v. Mauldin, 32 SW (2d) 235.

"The question is whether under such facts the County Board of School Trustees can consolidate the Pleasant View District with some other district, to-wit, Weinert, for elementary school purposes and the

Rural High School District Board of Trustees
order it discontinued and remove the building,
all of this without an election."

Please accept our thanks for the helpful brief and
discussion accompanying your letter of request.

The material portions of Article 2922f, Revised Civil
Statutes, 1925, read as follows:

"The county board of school trustees shall not
have authority to abolish or consolidate any
elementary school district already established
except upon the vote of a majority of the quali-
fied electors residing in such elementary dis-
trict; provided that when any school within an
elementary district fails to have an average
daily attendance the preceding year of at least
twenty pupils it may be discontinued by the board
of trustees of said rural high school district,
and said district may be consolidated by the
county board of school trustees with some other
district or districts for elementary school pur-
poses."

As we construe the above statute the county board may
not abolish or consolidate an elementary district without
an election, unless the average daily attendance for the pre-
ceding year is less than 20 and the board of trustees of the
rural high school district has by proper order discontinued
such school.

This construction is supported by the language of the
court in County Board of School Trustees of Limestone County
v. Wilson (T.C.A., 1928) 5 S.W.(2d) 805, referring to Articles
2922b to 2922l, as follows:

"They further provide that the elementary
districts composing said high school district
shall not be consolidated nor abolished by the
county school trustees except upon a vote of the
qualified electors residing therein, unless the
daily attendance for the preceding year shall
have fallen below twenty."

It is our opinion that when the conditions of the pro-
viso above quoted are met, no election is necessary to author-
ize the respective boards of trustees to discontinue the elemen-
tary school and consolidate the elementary district with another
elementary district for elementary school purposes.

In Chastain v. Mauldin, (T.C.A., 1930) 32 S.W.(2d) 235, "no action of any character was taken which either attempted or had the effect of abolishing the Panther Creek District." The court held that the trustees of the rural high school district could not divert the property or funds of one elementary district to another, or to the grouped district and therefore were without authority to remove the school building of one elementary district, which had not been abolished or consolidated, to the Grosvenor district. A distinction might be drawn between this case and the facts presented by you in that here the boards of trustees propose to follow the statutes in effecting discontinuance and consolidation before taking any action with reference to the building.

We think the following language in Chastain v. Mauldin, supra, is significant:

"The point is made in appellees brief that the building may be returned or a new one erected whenever the necessity arises. The trustees of the grouped district have the management and control of the building in question, and we do not hold that they are without authority under proper safeguards for its return or replacement to remove it temporarily to the Grosvenor district. That question, however, is not presented by the pleadings or proof before us. The case as made by the record presents only the question of the power of the Grosvenor trustees to <u>convert</u> the school building of the Panther Creek district." (Underscoring ours)

We call attention to Article 2922a, R.C.S., 1925, which provides that upon the abolition of the rural high school district, the elementary districts shall return to their original status. Some question might be raised as to the property rights of the respective districts in the event of a dissolution, where the property originally belonging to one district had been moved to another, although a consolidation within the rural high school district for elementary purposes had been ordered.

It appears from your letter that after the discontinuance of the school and the consolidation of the district with another by the County Board, the rural high school trustees wish to supplement housing facilities in another and no facts are submitted which indicate that the board may not adequately accomplish its purpose under the exception mentioned in Chastain vs. Mauldin, supra. We are of the opinion that this is a matter falling within the authority granted such board but we are further of the opinion that proper provision should be made by the rural high school board to preserve and protect the property rights of any affected district. This is especially true because of the uncertain and

unsettled status of the case law upon this and related questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Cecil C. Cammack
Cecil C. Cammack, Assistant

APPROVED JUL 8, 1940
/s/ Glenn R. Lewis
(Acting) ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

CCC:N:wb

O.K.
/s/ GRL