

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 25, 1951

Hon. John B. Stapleton
District Attorney
110th Judicial District
Floydada, Texas

Opinion No. V-1194

Re: Authority of the county board of school trustees to consolidate certain elementary school districts within a rural high school district with contiguous elementary districts.

Dear Sir:

We refer to your opinion request concerning the authority of a county school board acting under Article 2922-18 or 2922f, V.C.S., to consolidate certain elementary school districts within a rural high school district with contiguous elementary districts under these submitted facts:

"Under the provisions of Arts. 2922a and 2922c, V.C.S., on August 21, 1946, the County Board of School Trustees of Floyd County established the Lockney Rural High School District No. A by grouping the following common school districts, viz.: Lockney No. A, Ramsey No. 27, Pleasant Valley No. 2, Irick No. 1, Prairie Chapel No. 25, and Sterley No. 30. No school of any sort, elementary or otherwise, has been operated in any of these elementary districts, except the Lockney Common School District No. A, since the scholastic year 1946-1947. During all of this period all of the students of all grades, both elementary and high school, of all of the component elementary districts have attended the school operated in the said Lockney Common School District No. A, which school has been under the control and management of the Board of Trustees of the Lockney Rural High School District No. A."

More specifically, your questions are in substance as follows:

Does the Gilmer-Aikin "dormant school" statute, Article 2922-18, V.C.S. (S.B. 116, Acts 51st Leg., R.S. 1949, ch. 334, p. 625), authorize or empower the Floyd County School Board to consolidate elementary school districts within a rural high school district with a contiguous elementary district in the rural high school district under the submitted facts?

Under Article 2922f, V.C.S., as amended, may the Floyd County School Board consolidate the five elementary school districts (Ramsey No. 27, Pleasant Valley No. 2, Irick No. 1, Prairie Chapel No. 25, Sterley No. 30) with the remaining contiguous elementary school district (Lockney No. A) in the Lockney Rural High School District No. A, under the submitted facts?

You state that the Lockney Rural High School District was created by the grouping of six common school districts under the provisions of Articles 2922a and 2922c, V.C.S. Article 2922b provides that a rural high school district so formed shall be classified as a common school district and, further, that the districts composing the rural high school district shall thereafter be referred to as elementary school districts. Thus the six named districts became component elementary districts comprising one rural high school district. Rural High School Dist. No. 5 of Bandera County v. Independent School Dist., 207 S.W.2d 661 (Tex.Civ.App. 1947, error ref. n.r.e.); State ex rel. Lowe v. Cadenhead, 129 S.W.2d 743 (Tex.Civ. App. 1939, error ref.).

Rural high school districts thus formed are controlled and managed by a single board of trustees. Art. 2922e and Art. 2774a, Sec. 4, V.C.S. The several boards of trustees of the common school districts were replaced by the rural high school district board which governs the elementary and the high schools of the entire district. Chastain v. Mauldin, 32 S.W.2d 235 (Tex.Civ.App. 1930); County Board of School Trustees v. Wilson, 5 S.W.2d 805 (Tex.Civ.App. 1928). Rural high school districts are authorized, upon elections for those purposes, to assume outstanding indebtednesses of the various component districts and to levy uniform taxes throughout the rural high school district. Arts. 2922h and 2922i, V.C.S.

Hon. John B. Stapleton, page 3  (V-1194)

One need only to consider the provisions of Article 2922-18, V.C.S., to determine whether "dormant school district" as defined therein includes elementary school districts which are component parts of an active rural high school district. That article defines a dormant district as

". . . any school district that fails, for any two (2) successive years subsequent to 1946-1947 school year, to operate a school in the district for the race having the greater number of enumerated scholastics in the district."

The article provides that the county board of trustees shall consolidate each dormant district with an adjoining district and that the board of trustees for the district with which the dormant district is consolidated shall be the board of trustees for the new district. It further makes provision for an election for the assumption of outstanding bonds by the consolidated district and for the levying of taxes.

Considering Article 2922-18 in its entirety, we are of the opinion that the term "school district" as used therein refers to common or independent school districts. Att'y Gen. Op. V-856 (1949). It was not intended to embrace individual elementary school districts which are part of an active rural high school district and which, therefore, are not under management separate from that of the rural high school district. The provisions of Article 2922-18 relating to the transfer of management and to the assumption of bonded indebtednesses and the levying of taxes are inconsistent with the scheme of control provided in Articles 2922a-2922l for elementary districts which are part of an active rural high school district.

The last paragraph of Article 2922-18 reads:

"The provisions herein for the consolidation of school districts by order of the County Board of Trustees shall be applicable only in the instances and circumstances herein enumerated, and shall not be construed to repeal, supersede or limit any existing statute providing other methods for school district consolidation and annexation."

The construction we have placed on Article 2922-18 accords with the intendment expressed in this paragraph.

Hon. John B. Stapleton, page 4 (V-1194)


Therefore, in answer to your first question, it is our opinion that Article 2922-18 has no application to elementary districts within an active rural high school district, even though no school has been operated in the elementary district for two successive years. If no school had been operated in the entire rural high school district for the period of time set out in Article 2922-18, that statute might have application. However, it is not necessary to decide that point under the facts you have submitted, and we express no opinion on it.

In connection with the second question stated herein, Article 2922f, V.C.S., as amended (H.B. 53, Acts 51st Leg., R.S. 1949, ch. 52, p. 86), provides in part as follows:

"The county board of school trustees shall not have the authority to abolish or consolidate any elementary school district already established except upon the vote of a majority of the qualified electors residing in such elementary district; provided, however, that when any elementary school district fails to have an average daily attendance the preceding scholastic year in the school or schools within said district of at least twenty pupils, it may be discontinued by the board of trustees of the rural high school district and said district may be abolished by the county board of school trustees and consolidated by said county board with another contiguous elementary school district, and said consolidation shall be for all purposes, and said consolidated district shall be considered as one elementary school district, . . ."

The submitted facts state that no school of any sort has been operated in any of the elementary districts of the Lockney Rural High School District No. A, except the Lockney elementary district, since the scholastic year 1946-1947. Presumably, in accordance with Article 2922f, the schools which might have been operated in the other five elementary districts in the 1946-1947 year were discontinued by the board of trustees of the rural high school district. Clearly, there has been no school operated in these five districts during the last three scholastic years.

Under the twenty-pupil proviso of Article 2922f, as amended, the county board of trustees is authorized to

abolish and consolidate an elementary district or districts where the board of trustees of the rural high school district has discontinued the operation of a school within the elementary district or districts which failed to have a daily average attendance of at least twenty pupils the preceding scholastic year. The county school board may consolidate such an elementary district or districts with another elementary district within the rural high school district. Article 2922f, as amended, expressly so provides. Under the facts stated, there were no schools operated during the scholastic years of 1947-1948, 1948-1949, and 1949-1950 in five of the elementary districts.

Accordingly, we are in agreement with your opinion that under Article 2922f, as amended, the Floyd County Board of School Trustees has the authority to abolish the following elementary school districts within the Lockney Rural High School District and to consolidate them with the contiguous remaining elementary district for all purposes: Ramsey No. 27, Pleasant Valley No. 2, Irick No. 1, Prairie Chapel No. 25, Sterley No. 30.

## SUMMARY

Article 2922-18, V.C.S. has no application to elementary school districts within an active rural high school district, even though no school has been operated in the elementary district for two successive years. Att'y Gen. Op. V-856 (1949).

Where the board of trustees of a rural high school district has discontinued the operation of schools within a component elementary school district upon failure to have an average daily attendance of at least twenty pupils the preceding scholastic year, the county board of school trustees has the authority, without an election, to abolish the elementary school district and to consolidate it with another contiguous elementary district within the rural high school district. Art. 2922f, V.C.S.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant
CEO:mw

Yours very truly,

PRICE DANIEL
Attorney General

By *Chester E. Ollison*
Chester E. Ollison
Assistant