## KAML et al. v. CAMP et al.
### No. 9658.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 16, 1935.

Rehearing Denied Feb. 13, 1935.

J. F. Carl, of Edinburg, for appellants.

Strickland, Ewers & Wilkins, of Mission, and T. T. Sanders, Jr., of Donna, for appellees.

SMITH, Justice.

This appeal is from an order of the district court denying a temporary injunction, and dismissing the bill therefor in response to a plea in abatement challenging the jurisdiction of that court. The action, when the thirty-seven pages of the pleadings are analyzed, may be resolved, generally, into a controversy between Frank Kaml and T. C. Camp over the office of trustee of a common school district in Hidalgo county.

It was alleged in the bill that Kaml had been duly elected such trustee at an election held by the people for that purpose; that subsequently the county board declared the office vacant by reason of their finding that Kaml had removed from the district; that thereupon the board elected Camp to the vacancy thus created, and that Camp is now exercising the prerogatives and performing

the duties of the office, to the exclusion and over the protest of Kaml; that from this action of the county board Kaml elected to appeal to the state school authorities, and accordingly gave notice of appeal to, and filed such appeal with, the state superintendent of public instruction (as provided in article 2656, R. S. 1925); that the latter official "has held that he does not have jurisdiction of the matter of ousting said trustee Frank Kaml by the County Board, because the same is an office and therefore a matter to be determined by the courts of the State instead of by the Board of Public Instruction and State Superintendent." It was upon these allegations that Kaml invoked the jurisdiction of the district court and prayed for an injunction restraining Camp from further acting as trustee aforesaid. The court granted a temporary restraining order, but upon a hearing dissolved that order, denied the prayer for injunction, and dismissed the action after sustaining a plea to its jurisdiction.

The provisions of article 2686, as amended by Acts 1927, c. 83 (Vernon's Ann. Civ. St. art. 2686), are plain and mandatory, as follows:

"Art. 2686. *Appeals*—All appeals from the decision of the County Superintendent of Public Instruction shall lie to the County Board of School Trustees, and should either party decide to further appeal such matters, they are here given the right to elect to appeal to any court having proper jurisdiction of the subject matter; or to the State Superintendent of Public Instruction as now provided by law, provided the election of which course of appeal the party or parties desire to pursue, shall be given within five days from the final decision of said County Board of School Trustees, provided this act shall not apply to any controversy now pending or to any orders of school authorities made more than five days before this act becomes effective."

And in article 2656 it is provided that the state superintendent "shall be charged with the administration of the school laws and a general superintendency of the business relating to the public schools of the State. * * * He shall hear and determine all appeals from the rulings and decisions of subordinate school officers, and all such officers and teachers shall conform to his decisions. Appeal shall always be from his rulings to the State Board."

In these provisions is crystalized the wise policy of the Legislature to intrust to school authorities the settlement of all questions arising in the administration of our public school system, not only to relieve the courts of the burden of disposing of such controversies, but to confine the administration of purely educational affairs to the channels laid out for that purpose.

It is true that by these statutes the courts may not be deprived of original jurisdiction of such broad legal questions as the validity of school statutes, or of the conduct of school authorities when acting clearly beyond the powers delegated to them by law. But in all other matters within those powers those authorities have supreme control, subject to supervision by the courts only in the contingencies and through the procedure prescribed in article 2686, as amended.

The crux of the dispute here rests upon the regularity with which the county board elected, and now recognize, Camp as a member of the community school board, to fill a vacancy declared by the board. Such authority, to fill such vacancies, is expressly delegated to the board by statute, article 2745, R. S. 1925, as amended by Acts 1929 (2d Called Sess.) c. 2 (Vernon's Ann. Civ. St. art. 2745). And appeal from the action of the board under that authority properly lies in the school authorities. Barrett v. Tatum (Tex. Civ. App. Writ Ref.) 66 S.W.(2d) 444.

Kaml himself alleges, and the record shows, that he did in fact elect to appeal to the higher school authorities, but abandoned the appeal when it reached the state superintendent. If he procured a ruling from that authority, which appears from the record to be doubtful, if not definitely negatived, he did not attempt to exhaust his remedy by further appeal to the state board, as the statute mandatorily required of him before he could resort to the courts. By this process, appellant has so far, at least, cut himself off from access to the courts, and the trial court properly abated this action.

If, as appellant in effect contends, the suit is one to show that appellee is usurping or intruding upon, or unlawfully holding or executing the office in controversy, then clearly appellant's remedy lies in an action in the nature of a quo warranto, in the name of the state, upon his relation. Article 6253, R. S. 1925; Barrett v. Tatum, supra.

The judgment is affirmed.