## STATE ex rel. NEVILLS v. SANDERSON.

### No. 1800.

Court of Civil Appeals of Texas. Waco.

Dec. 19, 1935.

Bradley & Bradley, of Groesbeck, for appellant.

L. W. Shepperd, of Groesbeck, for appellee.

ALEXANDER, Justice.

This is a quo warranto proceeding brought in the name of the state of Texas by Roy Lewis, county attorney of Limestone county, on the relation of Edd Nevills (a private citizen), against George S. Sanderson to have the latter removed from, and held incompetent to hold, the office of school trustee of common school district No. 1 of Limestone county. It was alleged that the defendant had been appointed trustee of said district by the Limestone county

board of school trustees and was attempting to act as such, but that he was disqualified because he had not paid his poll tax and was unable to read and write the English language intelligibly. The plaintiff did not allege that the county superintendent of said county had requested the county attorney to bring the suit nor that said superintendent had been requested to remove said trustee nor that an appeal had been taken from his decision thereon. The trial court sustained a general demurrer to plaintiff's petition, and, upon failure to amend, dismissed the suit. Plaintiff appealed.

Revised Statutes, art. 2745, as amended by Acts 1929, 2d Called Sess. c. 2 (Vernon's Ann.Civ.St. art. 2745), provides for the election of school trustees in common school districts. Said article further provides: "All vacancies shall be filled by the County Board of Trustees for the remainder of the term in which the vacancy occurs." Other pertinent provisions of the statute are as follows:

"Art. 2747. If a trustee so elected or appointed as herein provided, who in the opinion of the county superintendent, does not possess the qualifications prescribed by law, the county superintendent shall refuse to recognize such person who has been so elected and make written request within twenty days after such election, of the county attorney, or district attorney if there be no county attorney, to institute and prosecute with dispatch suit in the name of the State for the removal of such trustee, in the district court of the county where such trustee resides, at the option of said attorney."

"Art. 2690. The county superintendent shall have, under the direction of the State Superintendent, the immediate supervision of all matters pertaining to public education in his county."

"Art. 2686 [as amended, Acts 1927, 40th Leg., p. 128, c. 83, § 1 (Vernon's Ann.Civ. St. art. 2686)]. All appeals from the decision of the County Superintendent of Public Instruction shall lie to the County Board of School Trustees, and should either party decide to further appeal such matters, they are here given the right to elect to appeal to any court having proper jurisdiction of the subject matter; or to the State Superintendent of Public Instruction as now provided by law."

"Art. 2656. The State Superintendent shall be charged with the administration of the school laws and a general superinten-

dency of the business relating to the public schools of the State. * * * He shall hear and determine all appeals from the rulings and decisions of subordinate school officers, and all such officers and teachers shall conform to his decisions. Appeal shall always be from his rulings to the State Board."

It will be noted from a reading of article 2690 that the immediate supervision of all matters pertaining to public education in the county has been committed to the county superintendent. By the provisions of article 2747 there has been specifically and particularly committed to him the matter of determining, in the first instance, whether or not one elected or appointed as trustee of a common school district is qualified to act as such and whether or not he shall recognize such trustee as such or request that suit be brought for his removal. By article 2686, as amended, it is provided that, if any interested party is dissatisfied with the decision of the county superintendent on any of the matters committed to him, such party shall have the right to appeal to the county board of school trustees, and thence either to the state superintendent or to the courts. By article 2656, the state superintendent is invested with the power of administering the school laws, with the right to entertain an appeal from the rulings and decisions of subordinate school officers, and all such officers are required to conform to his decisions.

It is a well-established rule that in all matters pertaining to the administration of school laws involving questions of fact as distinguished from pure questions of law resort must first be had to the school authorities and the method of appeal there provided for exhausted before the courts will entertain jurisdiction of a complaint with reference to such matters. 37 Tex. Jur. 818, 920; Warren v. Sanger Ind. School Dist., 116 Tex. 183, 288 S.W. 159, par. 1, and authorities there cited; Bishop v. Houston Ind. School Dist., 119 Tex. 403, 29 S.W.(2d) 312; Bear v. Donna Ind. School Dist. (Tex.Civ.App.) 74 S.W.(2d) 179; Gragg v. Hill (Tex.Civ.App.) 58 S. W.(2d) 150; Bevers v. Winfrey (Tex.Civ. App.) 260 S.W. 627.

It is also well settled that a petition, in order to be sufficient to invoke the jurisdiction in such matters, must allege that resort has been had to the proper school authorities and a ruling had thereon. and, in the absence of such allegation, the pe-

tition is subject to a general demurrer. 37 Tex.Jur. 919; Bear v. Donna Ind. School Dist. (Tex.Civ.App.) 74 S.W.(2d) 179; Adkins v. Heard (Tex.Civ.App.) 163 S.W. 127; Johnson v. City of Dallas (Tex.Civ. App.) 291 S.W. 972; Huntington Ind. School Dist. v. Scroggins (Tex.Civ.App.) 9 S.W.(2d) 171; Campbell v. Moore (Tex. Civ.App.) 12 S.W.(2d) 806.

According to the allegations of plaintiff's petition, Sanderson was appointed to fill a vacancy on the board of trustees of common school district No. 1 by the board of trustees of Limestone county. It was further alleged that he had taken the oath of office and was acting as such trustee. Under these circumstances he was at least a de facto officer. His appointment was not wholly void, but its validity depended on a question of fact—whether he could read and write and whether he had paid his poll tax. The duty of first determining these questions of fact was placed with the county superintendent, and, until his jurisdiction had been invoked and a ruling had thereon, the courts were without jurisdiction to act in the premises. Barrett v. Tatum (Tex.Civ.App.) 66 S.W.(2d) 444, par. 3 (writ refused); Kaml v. Camp (Tex. Civ.App.) 78 S.W.(2d) 1046. The failure of the petition to allege that the superintendent had acted in the premises rendered it subject to a general demurrer, and the trial court properly so held.

The judgment of the trial court is affirmed.