**MOORE COMMON SCHOOL DIST. NO. 2 OF FRIO COUNTY et al. v. FRIO COUNTY BOARD OF SCHOOL TRUSTEES et al**

No. 3319.

Court of Civil Appeals of Texas. El Paso.

Jan. 23, 1936.

Dodson & Ezell and Chas. W. Duke, all of San Antonio, for appellants.

H. D. Barrow, of Jourdanton, for appellees.

HIGGINS, Justice.

This is a controversy between Moore common school district No. 2, of Frio county, and its board of trustees on the one side and J. O. Jones on the other.

On March 3, 1934, by written contract two of the members of the board of trustees of the common school district by written contract employed Jones to teach the ensuing 1934–35 school term. Later, the personnel of the board changed and the board made another contract with W. G. Morris to teach in the place of Jones.

Upon trial without a jury, judgment was rendered in favor of Jones at the contract rate of compensation and warrant to cover ordered issued.

The judgment is erroneous for two reasons:

1. The contract upon which Jones relies was never approved by the county superintendent as required by articles 2693 and 2750, R.S. Without such approval no recovery upon the contract can be had. Ratcliff v. Buna Independent School District (Tex.Civ.App.) 46 S.W.(2d) 459, and cases there cited. The letter of the county superintendent to the county board of education, which is relied upon by Jones as evidencing the superintendent's approval, cannot be so regarded. In approving or disapproving a teacher's contract, the superintendent is exercising a judicial discretion vested in him. Vanlandingham v. Hill (Tex.Civ.App.) 47 S.W.(2d) 641.

The letter mentioned simply expressed the opinion of the superintendent that the contract between Jones and the trustees was valid and binding, but such opinion did not imply that the superintendent approved same. No particular form of approval is necessary, but it should be reasonably sufficient to show that the contract has the superintendent's approval. The letter relied upon does not so show.

2. But conceding that the contract was approved by the county superintendent, nevertheless the trustees of the district had power to dismiss Jones. Article 2749, R.S. When the term commenced, Jones presented himself at the school for the purpose of teaching. He was not permitted to do so. This constituted a dismissal. He had the right to appeal from such dismissal to the county and state superintendents (article 2749 R.S.), but did not do so. His dismissal, therefore, became effective and valid. The appeals which Jones did prosecute, appearing in the record, were not from the action of the trustees in dismissing him from his position as teacher. They in nowise operate to relieve him of the consequences attaching to his failure to appeal from the action of the board of trustees in discharging him.

For the reasons stated, the judgment in favor of Jones is erroneous. It is reversed and here rendered in appellants' favor.