### HEABERLIN et al. v. JOAQUIN INDE-PENDENT SCHOOL DIST. NO. 38 et al.

### No. 2966.

Court of Civil Appeals of Texas. Beaumont.

June 11, 1936.

C. C. Denman, of Nacogdoches, for appellants.

Davis, Avery & Wallace, of Center, for appellees.

O'QUINN, Justice.

September 4, 1935, appellee, Joaquin Independent School District acting by and through G. M. Powell, president, and G. M. Crawford, secretary, and J. V. Grant and C. A. Vanderberg, constituting a majority of its board of trustees, brought this suit in the district court of Shelby county for a temporary, and upon hearing a permanent, injunction, against Sam Heaberlin, B. H. Mitchell, Oneta Hennigan, Gay Richardson, Margaret Ramsey, Terrell Brookshire, and Mrs. Lurline Cockrell Stuckey, joined by her husband, Frank Stuckey, to enjoin them from interfering with the operation of the schools of appellee in said district.

Appellants, defendants below, answered by general demurrer, various special exceptions, general denial, and specially that they and each of them were, on April 8, 1935, by a majority of the board of trustees of said district, duly employed by written contract to teach in the schools of appellee for the two years of 1935–36, and 1936–37, and that their said contracts were duly signed by a majority of said trustees, which contracts authorized them to teach said school as per the terms of said contracts. That on or about April 15, 1935, after an election for trustees in said district wherein some of the members of said board of trustees had been replaced by other and new members, said new board of trustees "deliberately, wilfully and maliciously and without legal excuse attempted to cancel their contracts and proceeded to hire other teachers, all of which was done with the wilful and malicious intent of

said board, without giving these defendants any hearing at all and without any legal or moral reason for so doing." They alleged that they were duly qualified and legally authorized to contract as teachers to teach in said schools, and denied that they had in any manner attempted to take charge of said schools by force, but that the matter in controversy was pending upon appeal to the proper school authorities of the state, and that they were insisting only upon their right to teach said schools by reason of their contracts first mentioned.

Appellee by supplemental petition replied to said answer by general demurrer, general denial of all the matters alleged therein, and specially answered that appellants were dismissed by the board of trustees of appellee on April 15, 1935; that no appeal from the order of dismissal was taken until after this suit was filed, when on September 12, 1935, they filed a petition with the county superintendent of Shelby county, Tex., asking for a review of the order of appellee's board of trustees made on April 15, 1935, dismissing them, which petition was dismissed by the county superintendent because not filed within the time required by law and by the rules and regulations promulgated by the state superintendent of public instruction controlling such matters; that appellants then attempted to appeal this ruling to the county board of school trustees of Shelby county, and that on September 13, 1935, said board attempted to set aside the ruling of the county superintendent and to hold that the board of trustees of appellee independent school district had no authority to dismiss said teachers of said school district; and further plead that said county school board acted without authority of law, and abused its discretion, in that (a) such act amounted in law to a fraud upon the rights of appellee, because said act of said county board of school trustees was contrary to and in effect overrode the ruling of the state superintendent that all appeals from the action of district school trustees must be taken within 30 days from the date of such appealed ruling, and that notice of such appeal must be filed with the board of trustees of the school district within 15 days from the date of the order appealed from; (b) and in holding that 150 days (that being the time from the date of the order dismissing said teachers to the date of the filing of their petition with the county superintendent appealing from the order of dismissal) was a reasonable time in which to take such appeal, same being contrary to law and the rules and regulations prescribed by the state superintendent; and (c) because the order dismissing the teachers, appellants, had become and was final, no appeal having been taken from the order of dismissal in the manner and within the time prescribed by law. Appellee further answered that it had employed other teachers to teach said school for the year 1935–36; that the schools of said district were scheduled to begin on September 16, 1935, only two days from the date of such action by the county board of school trustees, and that at said date to set aside their order dismissing appellants and employing other teachers would disrupt said school and bring about a state of uncertainty and confusion, and prayed that the ruling of the county board of school trustees be held invalid and of no force, and that appellants be restrained and enjoined from in any manner interfering with the teaching or operation of said schools.

Temporary injunction was issued as prayed, and upon a full hearing on September 14, 1935, was made permanent.

The facts, as revealed by the record, are: Appellee, the Joaquin Independent School District, has a board of seven trustees. On Saturday, April 6, 1935, there was an election in said district for trustees at which three members of the board of trustees were to be elected. One of the board was re-elected, and two others were defeated. The newly elected trustees were to be installed on Tuesday, April 9, 1935. On April 8, 1935, a majority of the board of trustees (including those defeated at the election) met and proceeded to elect or employ the faculty of teachers for the schools in said district for two years, 1935–36, and 1936–37. Prior thereto it had been the custom to employ teachers for one year at a time. After the newly elected trustees were installed on April 9, 1936, the new board of trustees notified each and all of the teachers employed by the previous board, including appellants, to appear before the board on April 15, 1935. On said date, the board of trustees passed an order canceling the contracts of said teachers made by the preceding board, and dismissed each of said teachers from the faculty of said schools, and gave them notice of such action. No appeal of any nature from this order of dismissal was taken by any of the dismissed teachers,

appellants here. They made known that they were standing upon their contracts made with the old board of trustees, and that they would insist upon and assert same. Matters thus stood until September 4, 1935, very shortly before the schools of the district were to begin, when this suit was filed by the district, acting as above stated, by and through its president and secretary and a majority of its board members, for injunction to restrain appellants from interfering with or attempting to teach in said schools.

Appellants present seven assignments of error; the first five complaining of the refusal of the court to sustain their general demurrer and special exceptions to appellee's petition for injunction. These assignments are overruled. The petition was sufficiently full and certain. The sixth and seventh assignments assert that the judgment has no basis in the pleadings, and is not supported by the evidence. We think the pleadings of appellee are ample to invoke the relief sought, and that the undisputed evidence supports the judgment. The main contention of appellants, under their propositions based upon their several assignments of error, is that appellee, in its petition for injunction, plead conclusions of fact rather than actual facts, and so their demurrer and special exceptions should have been sustained. From a careful consideration of the allegations of appellee's pleadings, we think the allegations were of facts and not conclusions, and so amply sufficient.

The judgment must be affirmed. The state superintendent of public instruction is the head of the educational affairs of the state. Article 2655, R.S.1925. He is charged with the administration of the school laws and the general superintendency of the business relating to the public schools of the state, and is empowered to hear and determine all appeals from the rulings and decisions of subordinate school officers, and all such officers and teachers must conform to his decisions. Article 2656, R.S.1925. An appeal from his rulings may be taken to the state board of education. He is authorized and it is his duty to promulgate rules and regulations binding for observance on all officers and teachers in cases wherein the provisions of the school law may require interpretation in order to carry out the purpose thereof, and also in cases that may arise in which the law has no provision and necessity requires some rule in order that

there may be no hardships to individuals, and no delays or inconvenience in the management of school affairs. Article 2657, R.S.1925.

The law provides for county superintendents, and gives them, under the supervision of the state superintendent, the supervision of schools in their counties, and provides that all appeals from the rulings of any such school board shall be to the county superintendent, and from the decisions of the county superintendent to the state superintendent, and from his decisions to the state board of education. Article 2690, R.S.1925 and article 2688, as amended by Acts 1932, 3d Called Sess., c. 21, § 16, Vernon's Ann.Civ.St. art. 2688.

The trustees of school districts have the control of the schools in their districts, and have the power to employ and dismiss teachers; but in case of dismissal of teachers, they have the right of appeal from such order of dismissal to the county and state superintendents. Article 2749, R.S.1925. In the instant case, the appellants were employed by the old board of trustees on April 8, 1935, and were dismissed by the new board, after notice, on April 15, 1935. They, nor either of them, appealed this order of dismissal. On September 4, 1935, it being near the time for the schools of appellee district to open, and appellants contending that their contracts to teach were legal and enforceable, and their discharge unlawful, and the board of trustees having employed other teachers for the ensuing school year, this suit for injunction to restrain appellants from interfering with the conduct of the schools was filed. As before stated, while this suit was pending, on September 12, 1925, appellants filed a petition with the county superintendent for appeal from the order of dismissal made April 15, 1935, which appeal was dismissed by the county superintendent. This ruling was appealed to the county board which held the order of dismissal without authority. The attempted appeal of appellants 150 days after the order of dismissal was, as a matter of law, an unreasonable delay, came too late, and the refusal of the county superintendent to consider same was correct. The act of the board of trustees in dismissing appellants as teachers was an exercise of its administrative power in the management of its schools, and appellants not having complied with the law as to appeal from the order of dismissal, the same became

final, and appellants could not assert a right to teach under the canceled contracts of employment. Articles 2656, 2690, and 2749, R.S.1925. Harkness v. Hutcherson, 90 Tex. 383, 38 S.W. 1120; Bear v. Donna Independent School District (Tex.Civ. App.) 74 S.W.(2d) 179 (writ refused); Bear v. Donna Independent School District (Tex.Civ.App.) 85 S.W.(2d) 797 (application for writ dismissed).

The judgment awarding the injunction should be affirmed, and it is so ordered.

Affirmed.