HILLIARD v. BROWN, U. S. Representative.

No. 12389.

United States Court of Appeals
Fifth Circuit.

Nov. 4, 1948.

---

[1] In 1948 Revision, 18 U.S.C.A. § 2113.

[2] In 1948 Revision, 18 U.S.C.A. § 2.

Hughes R. Hilliard, of Atlanta, Ga., in pro. per.

Abit Nix, of Athens, Ga., for appellee.

Before HUTCHESON, SIBLEY and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

The appellant Hilliard sued appellee Brown for $50,000 damages, asserting jurisdiction under former 28 U.S.C.A. § 41 (13),[1] and 8 U.S.C.A. §§ 43 and 48 with reference to a deprivation of rights secured by the Constitution and laws of the United States. A motion was made to dismiss for want of jurisdiction, and because no matter in law or equity entitling the petitioner to relief was stated. An answer denying most of the allegations was filed, but the motion to dismiss was sustained and no trial was had. This appeal was taken.

The facts stated in the petition, however rash and improbable they may seem, must on motion to dismiss be taken as true. Those stated in the briefs filed in the trial court and here are not to be taken as true, nor are they such as might be taken judicial notice of if true. The essence of the petition is that petitioner, imprisoned in the penitentiary since 1941, has made several efforts at relief by habeas corpus in the courts of the United States in Georgia and California, but was denied relief because the judges are afraid of the Federal Bureau of Investigation and are under the influence of the wardens and the Department of Justice, so that the writ of habeas corpus has been suspended as to petitioner. As to appellee it is alleged that he has been notified by petitioner of his plight, he being the Representative in Congress of the Tenth Congressional District of Georgia, in which petitioner resides, and "The defendant has been requested to take part in and prevent the denial of a constitutional right, which he has refused and neglected to do . . . by an investigation from the proper authorities (the Representatives) one of which is the defendant. Therefore because of the defendant's refusal and neglect to prevent or aid in preventing the denial of constitutional right to be heard on a writ of habeas corpus as the statute demands, ·the defendant has subjected and caused plaintiff to be deprived of his civil rights".

Overlooking the scurrility of the briefs apparently written by appellant which a lawyer would not for that fault be permitted to file, and assuming, without deciding, the jurisdiction of the court, we hold that no cause sufficient to authorize relief is shown. Representative Brown, elected by the people of his district and responsible to them and the House of Representatives for his official conduct, is not suable in court for official neglect of one of his constituents. It is not his duty to protect any of them in court cases. Any failure or abuse in such is remediable by appeal. Corruption or fear in a judge may

---

[1] In 1948 Revision, 28 U.S.C.A. § 1343.

result in his impeachment by Congress, but a single Representative has no power to do that or even make an investigation; much less has he any private duty to a citizen to do or try to do it. There being no duty to the citizen in respect to court cases, there could be no breach of duty by failure and neglect. It would be most indecent for a Representative as such to try to interfere in them. No case for damages is set forth.

We have patiently and perhaps unnecessarily explained why appellant is not entitled to the relief he here seeks. If he has just grounds for a habeas corpus that writ is still available and may be granted by all grades of federal judges from the Chief Justice down. It is patently rash to say they are all cowardly or corrupt,—there is none that doeth good, no not one.

Judgment affirmed.

