**BRUCE et al. v. STILWELL et al.**

No. 14240.

United States Court of Appeals
Fifth Circuit.

July 10, 1953.

U. Simpson Tate and W. J. Durham, Dallas, Tex., for appellants.

John D. Raffaelli, J. I. Wheeler, William V. Brown, Robert S. Vance, and Otto Atchley, Texarkana, Tex., for appellees.

Before HOLMES, BORAH, and RUSSELL, Circuit Judges.

BORAH, Circuit Judge.

This is an appeal from an order of the United States District Court for the Eastern District of Texas dismissing plaintiff's complaint for lack of jurisdiction on the ground that plaintiffs had instituted this action before exhausting the administrative remedies provided by Texas law.

This suit for a declaratory judgment and injunctive relief was brought by five Negro students, citizens of Texas, seeking for themselves and for all others similarly situated and qualified the right of being admitted to Texarkana Junior College, a state institution which under Texas law is open to white students only. The plaintiffs, represented herein by their parents and next

friends, are all minors residing in Bowie County, Texas, within the geographic limits of the defendant Texarkana Junior College District. This defendant, a body corporate organized under the general education laws of Texas, operates, controls and supervises Texarkana Junior College by and through the chairman and the members of the Board of Trustees of the District and the president of the college, all of whom are named as additional defendants and are sued in their official capacities as agents and administrative officers of the State of Texas.

Plaintiffs' complaint alleged, in substance: that defendants as officers and members of the Board of Trustees of the Texarkana Junior College District were operating the Texarkana Junior College out of public funds for the exclusive use and enjoyment of members of the Caucasian or non-Negro races; that the defendants are in complete control of the District with full authority to pass upon applications of students for admission to the college; that plaintiffs had applied to the president of the college and the Board of Trustees for admission and that defendants failed and refused to admit them because of their race and color and in violation of the laws of the State of Texas, the Fourteenth Amendment of the Constitution of the United States, and Title 8 U.S.C.A. §§ 41 and 43; that they were eligible to attend the college; were ready and willing to pay all lawful and necessary tuitions and fees and to take all reasonable and lawful pledges and submit to all reasonable and lawful rules and regulations of the college; and that no other junior college facilities have been provided for plaintiffs by defendants within the junior college district. The relief prayed was that the court declare the rights and legal relations of the parties and permanently enjoin the defendants and each of them from further discriminating against plaintiffs by refusing them the use and enjoyment of the available junior college facilities within the District because of their race and color.

The defendants moved to dismiss the complaint for lack of jurisdiction on the ground that plaintiffs had failed to plead that they had applied to the administrative agency, and that they had exhausted the administrative remedies set up by state law. On the day when a hearing on this motion was had the court propounded two specific questions [1] to counsel for the plaintiffs and on the basis of his response concluded that the answers to the court's inquiry constituted an admission that plaintiffs had not exhausted the administrative remedies provided by the laws of the State of Texas before resorting to court action and the suit was accordingly dismissed. From this order of dismissal the plaintiffs appeal.

The question here—whether administrative remedies were open and available to plaintiffs—is one of state law [2] as declared by statute, the state's highest court,

---

1. "Q. And you also concede, do you not, that you have not pursued the administrative remedies that are provided for by the Texas law. A. Well, Your Honor.

"Q. If the law applies to Junior College, in other words, you have taken no action other than to request the admission of these students in this college, is that correct? A. Yes, we made application for admission and then we called on the Board, the Chairman of the Board. That is as far as we have gone."

2. Article 2654-7, § 1, Vernon's Ann.Civ. St., provides:

"Parties having any matter of dispute among them arising under provisions of the school laws of Texas, or any person or parties aggrieved by the actions or decisions of any Board of Trustees or Board of Education, may appeal in writing to the Commissioner of Education who, after due notice to the parties interested, shall examine in a hearing and render a judgment without cost to the parties involved. However, nothing contained in this Section shall deprive any party of a legal remedy."

Article 2656, Vernon's Ann.Civ.St., provides in pertinent part:

"General duties. The State Superintendent shall be charged with the administration of the school laws and a general superintendency of the business relating to the public schools of the State, and he shall have printed for general distribution such number of copies of school laws as the State Board of Education may determine. He shall hear and determine all appeals from the rulings and decisions of subordinate school officers, and all such

or by an intermediate appellate court in the absence of persuasive evidence that the highest Court would rule otherwise. First Nat'l Bank of Greeley v. Board of Com'rs of Weld County, 264 U.S. 450, 44 S.Ct. 385, 68 L.Ed. 784; cf. Federal Deposit Ins. Corporation v. George-Howard, 8 Cir., 153 F.2d 591. If such remedies were prescribed by state law there can be no doubt but that plaintiffs would be obliged to exhaust those remedies before seeking a declaratory decree [3] or the extraordinary relief of a court of equity.[4]

■■■ While the precise question here presented has not been specifically determined by the highest court of the State of Texas there is language to be found in the Texas decisions which convinces us that if this question were ever presented that court would decide that there is no administrative agency set up under the Texas law with authority or jurisdiction to determine constitutional questions. In Henderson v. Miller, Tex.Civ.App., 286 S.W. 501, 506 (writ ref.), the court in upholding its authority to determine the validity of an act of the Legislature affecting independent school districts said "It is manifest that neither the board of county school trustees, nor the state superintendent, nor the state board of education, is vested with any jurisdiction to determine the constitutionality of any statute, or the question whether or not any action by any board of school trustees is violative of constitutional rights. Authority to determine such questions is exclusively the function of the judiciary, * * *." In Independent School Dist. v.

Salvatierra, Tex.Civ.App., 33 S.W.2d 790, 795, the court had occasion to consider whether the board of trustees of an independent school district [5] had arbitrarily discriminated against Mexican children in excluding them from schools maintained for children of other white races and in passing upon the rights of the aggrieved parties to go directly to the court said:

"It is only when the school authorities go clearly beyond their administrative powers that the courts may directly interfere. It is a prerogative of the courts to determine in a proper proceeding what those powers are, and whether or not those authorities have exceeded them. If by this process it is determined that the school authorities have transgressed those powers, the courts will in a proper proceeding condemn and enjoin the actions. * * *"

It is undoubtedly true that the laws of Texas provide in certain instances that orders and proceedings of the local board can only be questioned by appeal to higher school authorities. But when the Board of Trustees acts without authority of law in such a manner as to deny colored students the advantages accorded to others in like situation and this is established, as here, by admitted facts, the injured persons' right of access to the courts is absolute and complete. Cf. Carter v. School Board of Arlington County, Va., 4 Cir., 182 F.2d 531; State Line Consolidated School Dist. No. 6 of Parmer County v. Farwell School Dist., Tex.Com.App., 48 S.W.2d 616.

---

officers and teachers shall conform to his decisions. Appeal shall always be from his rulings to the State Board. * * *"

Article 2686, Vernon's Ann.Civ.St., provides:

"All appeals from the decision of the County Superintendent of Public Instruction shall lie to the County Board of School Trustees, and should either party decide to further appeal such matters, they are here given the right to elect to appeal to any court having proper jurisdiction of the subject matter; or to the State Superintendent of Public Instruction as now provided by law, * * *."

3. Bradley Lumber Co. of Arkansas v. National Labor Relations Board, 5 Cir., 84 F.2d 97.

4. Natural Gas Pipeline Co. of America v. Slattery, 302 U.S. 300, 310, 58 S.Ct. 199, 82 L.Ed. 276; Cook v. Davis, 5 Cir., 178 F.2d 595.

5. Article 2815h, § 5, Vernon's Ann.Civ.St., provides that: "The Board of Trustees of Junior College Districts shall be governed in the establishment, management and control of the Junior College by the General Law governing the establishment, management and control of Independent School Districts insofar as the General Law is applicable."

The rule is well-established in Texas that in all matters pertaining to the administration of school laws involving pure questions of law as contradistinguished from questions of fact immediate resort to the courts is proper. Mission Independent School District v. Diserens, 144 Tex. 107, 188 S.W.2d 568, 161 A.L.R. 877; Wilson v. Abilene Independent School District, Tex.Civ.App., 190 S.W.2d 406; State ex rel. Nevills v. Sanderson, Tex.Civ.App., 88 S.W.2d 1069. Here, the question becomes one of law for the court since the allegations of the complaint as to discrimination, which are denied in the answer, must be taken as true on the motion to dismiss. Hilliard v. Brown, 5 Cir., 170 F.2d 397. We hold that the trial court erred in dismissing the complaint.

The order appealed from will be reversed and the cause will be remanded for further proceedings not inconsistent herewith.

Reversed and remanded.