Raul HINOJOSA, Appellant,

v.

SAN ISIDRO INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 12792.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 1, 1954.

Ewers, Cox & Toothaker, J. Perry Jones, McAllen, for appellant.

A. J. Vale, Rio Grande City, L. Hamilton Lowe, Austin, for appellee.

NORVELL, Justice.

Raul Hinojosa has appealed from an order of the court below sustaining a plea in abatement and dismissing his suit. Hinojosa alleged that he had been employed as secretary, business manager and tax collector of the defendant district for a term beginning April 16, 1951, and ending the 30th day of June, 1953. He further averred that on or about July 31, 1951, his contract of employment was wrongfully cancelled and he was summarily dismissed. He sought a recovery of damages for his wrongful dismissal.

Hinojosa's petition contained the allegation that, "All administrative remedies and conditions precedent to institution of this suit, required or granted by the laws of the State of Texas relating to this cause of action, have been performed and exhausted by the Plaintiff." By its plea in abatement the defendant school district alleged that, "Plaintiff did not appeal to the school authorities in accordance with the provisions of the laws of this State and the Rules of Procedure prescribed by the Texas Education Agency nor exhaust his remedies provided by law before resorting to the Court for redress and before the filing of this suit and, therefore, the Plaintiff is barred from seeking relief here and said suit should be dismissed at the Plaintiff's cost."

The order appealed from recites that, "the court having heard and fully considered the pleadings, the evidence and the argument of counsel is of the opinion that said plea in abatement should be sustained and the cause dismissed." As no statement of facts was filed in this Court, we must assume that the evidence supports the allegations contained in the plea in abatement, to the effect that the plaintiff failed to exhaust his administrative remedies before instituting his suit in the district court.

Appellant first contends that the plea filed by the school district was not a plea in abatement but rather a plea in bar. The plea asserted that the district court did not then have jurisdiction of the cause because certain preliminary procedures had not been instituted with the educational authorities. The plea may properly be considered a plea in abatement, because the effect of sustaining the same is to abate the suit until the statutory requirements of appeal to the educational authorities have been complied with. After these prerequisites have been met, a judicial proceeding may be instituted, provided the same be not barred by some statutory or regulative rule of limitation. However, in our opinion it is immaterial whether the plea be called a plea in abatement, a plea in bar, or a plea to the jurisdiction. The point raised and decided by the trial court was that before Hinojosa could apply to the courts it was necessary that he exhaust the administrative remedies afforded to him by statute.

It appears well settled that prior to 1949, an employee of a school district, whose contract of employment was allegedly wrongfully terminated, was required to apply to the school authorities for relief before filing his suit in the district court. Bear v. Donna Independent School District, Tex.Civ.App., 74 S.W.2d 179; Moore v. Frio County Board of School Trustees, Tex.Civ.App., 90 S.W.2d 288; Heaberlin v. Joaquin Ind. School District, Tex.Civ.App., 95 S.W.2d 1339. Appellant, however, contends that the Act of 1949, establishing the Central Education Agency, had the effect of abolishing or abrogating this rule. Acts 1949, 51st Leg. p. 537, ch. 299. Particular emphasis is placed on Article 7 of said Act, Article 2654–7, Vernon's Ann.Tex.Stats.

In our opinion the provisions of the 1949 Act cannot be construed as evidencing a legislative intent to abrogate the then existing statutory plan which was intended to keep school controversies out of the courts as much as possible. The plan or procedure providing for preliminary action by the school authorities deprives no-

person of his legal rights, but simply provides an orderly procedure by which they may be enforced. The question of whether or not appellant was rightfully dismissed from his position with the school district obviously involves a question of fact. It was therefore necessary that appellant appeal to the proper school authorities before filing a suit in the district court. Bruce v. Stillwell, 5 Cir., 206 F.2d 554.

The judgment of the trial court is affirmed.