**H. E. CROW et al., Appellants,**

**v.**

**BURNET INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

No. 10507.

Court of Civil Appeals of Texas.

Austin.

July 17, 1957.

Rehearing Denied Aug. 7, 1957.

James A. Steele, Hammond & Hammond, Burnet, L. Hamilton Lowe, Austin, for appellants.

J. C. Hinsley, Austin, Bryce A. Taylor, Burnet, for appellees.

HUGHES and GRAY, Justices.

A plea to the jurisdiction of the Trial Court having been sustained judgment of dismissal was rendered without a trial on the merits. We must, therefore, examine the pleadings of appellants, accepting as true their allegations and determine therefrom and the law applicable thereto the validity of the Court's action in sustaining a plea to the jurisdiction.

Briefly this is a suit against the Burnet Independent School District, Pioneer Abstract and Title Company and others by persons [1] owning real and personal property within such District and subject to taxation by it for the purpose of enjoining the execution of a contract made between the District and the Pioneer Abstract and Title Company [2] on the ground, among others, that such contract is void because it is an attempt on the part of the District to authorize deficit spending for the reason that no funds are or will be available to the District for the payment of its monetary obligations under the contract in accordance with its terms.

The jurisdictional plea was to the effect that the matters pleaded by appellants were "peculiarly within the jurisdiction and discretion of the Board of Trustees of the Burnet Independent School District and are matters of which this court or any other court cannot take jurisdiction until after the plaintiffs or other aggrieved parties have taken administrative appeals to higher school authorities as provided by the Statutes of the State of Texas and have exhausted such appeals, * * *"

It was stipulated that appellants had not appealed from the action of the District in the premises to any higher school authorities.

Appellants' petition is lengthy and is somewhat complicated but it is sufficient for our purposes to say that it fully pleads lack of current funds with which to pay the Abstract Company for the services contracted for and that execution of the contract would result in deficit spending, the petition particularly alleging that the school district would not have funds available during the 1957–1958 fiscal year to pay the $6,600 to the Abstract Company as contracted.

Appellees say in their brief that

"* * * this proceeding has been changed from one 'to restrain the enforcement and carrying out of a purported contract * * * on the ground that the contract is void,' to 'a suit to restrain the illegal expenditure of

---

1. Plaintiffs below were H. E. Crow, Sam Field, Eppa Debo, M. P. Hahn and T. F. Cox. Defendants in addition to the School District and the Abstract Company were Edgar Seidensticker, Jake Straham, Thomas C. Warren, Raymond Jones, Ramsey Clinton, Ed Young, Gratton B. Carson and Frank True.

2. This contract required the Abstract Company to compile certain data regarding the property within the School District for use during the school year 1957–1958 and to assist the School Assessor-Collector during such year and to perform incidental duties for the sum of $6,600 to be paid September 10, 1957.

School funds under a void contract.' The question here is not whether a suit to restrain expenditure of School funds under a void contract may be maintained prior to resort to School authorities for redress, as claimed by appellants, but whether, in the state of appellants' pleadings below, a suit to restrain the enforcement of a contract that would otherwise be valid can be maintained on the inconclusive allegations there would not be future revenues that could be applied to the payment of the cost of such contract or current revenues that could be so applied, where no effort had been made by the plaintiffs in such suit to take appeals to higher school authorities from action of district trustees in making such contract."

We do not quite understand the meaning of the word "inconclusive" as used by appellees in the above paragraph. If it is meant that the allegations referred to must be proved upon trial, then we understand. If, however, it is meant that we or the Court below need not accept such allegations in passing upon the plea to the jurisdiction then we do not understand this to be a correct statement of law. 11 Tex.Jur. p. 720; Hale v. McMurrey, Tex.Civ.App., Beaumont, 22 S.W.2d 499, writ ref. This case involved a school controversy dismissed by the Trial Court for want of jurisdiction on the theory that administrative recourse had not been pursued. This judgment was reversed because the petition alleged facts which "if true" showed the school authorities to be acting without "power or authority."

It is our opinion that the Trial Court erred in sustaining the plea to the jurisdiction. We will refer to the decisions supporting this conclusion after we have discussed the authorities cited by appellees in support of the judgment. These cases are, as we read the brief: Hinojosa v. San Isidro Independent School District, Tex.Civ.App., San Antonio, 273 S.W.2d 656, Mission Independent School District

v. Diserens, 144 Tex. 107, 188 S.W.2d 568, 161 A.L.R. 877, and State ex rel. Nevills v. Sanderson, Tex.Civ.App., Waco, 88 S.W. 2d 1069, 1070.

Sanderson was in the nature of quo warranto to remove from office a common school district trustee on the alleged grounds that he had not paid his poll tax and was unable to read or write English intelligibly. The Court, Justice Alexander writing, pointed out that our statutes gave to the county school superintendent the specific authority to determine, in the first instance, whether an elected trustee is qualified to act and in sustaining a judgment dismissing the suit for failure of the petition to allege that resort had been made to proper school authorities said:

"It is a well-established rule that in all matters pertaining to the administration of school laws involving questions of fact as distinguished from pure questions of law resort must first be had to the school authorities and the method of appeal there provided for exhausted before the courts will entertain jurisdiction of a complaint with reference to such matters. * * * His appointment was not wholly void, but its validity depended on a question of fact—whether he could read and write and whether he had paid his poll tax. The duty of first determining these questions of fact was placed with the county superintendent, and, until his jurisdiction had been invoked and a ruling had thereon, the courts were without jurisdiction to act in the premises."

Warren v. Sanger Ind. School District, 116 Tex. 183, 288 S.W. 159, later noticed, and other authorities are cited in support of such statement.

Diserens was a suit by the school district to enjoin a teacher from breaching the negative provision in her contract not to teach elsewhere during its duration. No prior appeal to school agencies was made. The Court [144 Tex. 107, 188 S.W.2d 570],

after quoting from the opinion of Justice Alexander, supra, said "No circumstances have been suggested, nor any do we perceive, which bring this controversy within that class of cases where resort to school authorities for administrative relief is required before application may be made to the courts." Warren v. Sanger, supra, and other authorities are cited.

This case was tried upon an agreed statement of facts.

Hinojosa was a suit by an employee of the school district against the district for damages for wrongful discharge. A plea in abatement was sustained on the ground that resort had not been first made to school authorities. In affirming the Court of Civil Appeals said [273 S.W.2d 658]:

"The question of whether or not appellant was rightfully dismissed from his position with the school district obviously involves a question of fact. It was therefore necessary that appellant appeal to the proper school authorities before filing a suit in the district court. Bruce v. Stilwell, 5 Cir., 206 F.2d 554."

Earlier in its opinion the Court had said:

"It appears well settled that prior to 1949, an employee of a school district, whose contract of employment was allegedly wrongfully terminated, was required to apply to the school authorities for relief before filing his suit in the district court. Bear v. Donna Independent School District, Tex.Civ.App., 74 S.W.2d 179; Moore., etc. v. Frio County Board of School Trustees, Tex. Civ.App., 90 S.W.2d 288; Heaberlin v. Joaquin Ind. School District, Tex. Civ.App., 95 S.W.2d 1339."

The three cases cited are all school teacher cases. As to teachers Art. 2749, V.A.C.S., provides that school trustees "shall have the power to employ and dismiss teachers; but in case of dismissal, teachers shall have the right of appeal to the county and State Superintendents."

The appeals mentioned are mandatory before resort can be made to the courts. Harkness v. Hutcherson, 90 Tex. 383, 38 S.W. 1120.

From Bruce v. Stilwell, cited by the Court in Hinojosa, we quote [206 F.2d 556]:

"It is undoubtedly true that the laws of Texas provide in certain instances that orders and proceedings of the local board can only be questioned by appeal to higher school authorities. But when the Board of Trustees acts without authority of law in such a manner as to deny colored students the advantages accorded to others in like situation and this is established, as here, by admitted facts, the injured persons' right of access to the courts is absolute and complete. Cf. Carter v. School Board of Arlington County, 4 Cir., 182 F.2d 531; State Line Consolidated School Dist. No. 6 of Parmer County v. Farwell [Independent] School Dist., Tex.Com. App., 48 S.W.2d 616.

"The rule is well-established in Texas that in all matters pertaining to the administration of school laws involving pure questions of law as contradistinguished from questions of fact immediate resort to the courts is proper. Mission Independent School District v. Diserens, 144 Tex. 107, 188 S.W.2d 568, 161 A.L.R. 877; Wilson v. Abilene Independent School District, Tex.Civ. App., 190 S.W.2d 406; State ex rel. Nevills v. Sanderson, Tex.Civ.App., 88 S.W.2d 1069. Here, the question becomes one of law for the court since the allegations of the complaint as to discrimination, which are denied in the answer, must be taken as true on the motion to dismiss. Hilliard v. Brown, 5 Cir., 170 F.2d 397. We hold that the trial court erred in dismissing the complaint."

Whether the Court in Hinojosa was correct in holding that a discharged nonteacher school employee must pursue the remedy

outlined for discharged teachers we need not discuss.[3] In our suit we have no discharged employee of any kind.

The point appellees undertake to make under the above decisions which they cite is reflected by the following quotations from their brief:

"It is obvious, from a reading of plaintiffs' petition, as we have already observed on pages 3 to 5 inclusive, above this Brief, that this case involved numerous questions of fact for the determination of the question whether the contract involved would in fact create a deficiency or whether the school district did, or would, have the necessary funds to pay the Abstract Company the $6,600.00 contracted."

"But, appellants do not cite a single case which holds that it is not necessary to appeal to school authorities before resorting to the courts where the question of validity of a contract and the payment of funds under it during the balance of 5 or 6 months of one fiscal year and the entire succeeding fiscal year depend on so many different questions of fact as to how the trustees of the school district will exercise their discretion during the next year and a half. * * *

"Therefore, from any angle, this is a case involving the determination of questions of fact which must first be appealed to higher school authorities before resort to the courts, * * *"

It seems to us that the courts have needlessly labored over the dividing line between school controversies which must first be carried through school channels and those which need not if the controlling formula is simply to ascertain whether the controversy is presented on an agreed statement of facts. If it is, appellees say the courts have immediate jurisdiction; if not they

say administrative remedies must first be exhausted. A complaining party could never be sure until after suit was filed whether the defendant would admit or deny the complaint. Jurisdiction of the court would turn, not upon the allegations of the petition but upon the form of the answer.

As much as we might desire this simplicity in the law we believe, and hold, that it is the nature of the controversy which is decisive of this question and not the mere existence of a factual issue.

Before discussing the authorities which, in our opinion, announce the correct rule to be applied here, we pause to say that the contract in suit is void, regardless of its per se validity, unless current funds are available to the school district for payment of the money contracted to be paid when due. See Aldine case cited in Footnote 3 and authorities therein cited.

The leading case is Warren v. Sanger Independent School District, 116 Tex. 183, 288 S.W. 159, 160. That was a case in which the Trial Court dismissed a suit for want of jurisdiction:

"* * * merely because the complainants had not first applied to the school authorities of the state for such relief, the threatened wrong being the disbursement of current school funds in payment of a debt covering a deficiency in the maintenance of the schools for a previous year."

In holding such action erroneous the Court said:

"Undoubtedly, the court had the power to grant the writ, unless the statutes regulating the public schools have conferred the exclusive right primarily upon the school authorities. * * *

3. In Aldine Independent School District v. Standley, 154 Tex. 547, 280 S.W.2d 578, a discharged school district tax assessor-

collector appealed first to school authorities before filing suit in court.

"It has been uniformly held that the resort to the school authorities must first be made before the courts will be authorized to hear any complaint as to a matter properly belonging to the administration of the school laws. It is a condition precedent to the exercise of the jurisdiction of the civil courts. * * * But, in the very nature of things, such exclusive prior jurisdiction pertains only to such matters as are by law placed under the supervision of the school authorities. An examination of the cases recognizing this prior jurisdiction will show that they are instances of that character. It is only as to matters committed to the school authorities that they have a right to decide at all. Of course, jurisdiction carries with it the right to decide wrong as well as right. The test is the power to hear and decide one way or the other. To attempt to hear and decide in favor of a matter that is expressly forbidden by law is not the exercise of jurisdiction at all. The attempt is futile and the pronouncement void. The act of defendant trustees, however commendable the spirit in which it was done, creating the debt here sought to be paid, was void. It was contrary to the express provisions of law (Rev.Civ.Stat.1925) art. 2749 (2823, 2824), forbidding trustees to create a deficiency debt against the district in the employment of teachers. The debt as against the district being void, there was nothing for the school authorities to pass upon. There was no room for the exercise of any sort of discretion. They could, in no event, have decided in favor of the application of the 1925 taxes to the payment of the deficiency created in a previous year. Being void and not a subject for decision, the school authorities had no jurisdiction whatever. The wrongs complained of being clearly within the jurisdiction of the district court, it rightfully granted the writ in the first place, but wrongfully thereafter dismissed the cause."

We quote appellees' explanation of this case:

"However, this case is readily distinguishable from our present case. That case involved an effort in 1925 to use 1925 taxes to pay a debt for teachers salaries incurred in 1924, there being no funds left from such year with which to pay the debt, the case being decided in 1926. At that late date, it was clearly a deficiency, with no funds. Nothing could be done to change that situation. The facts had happened. They could not be changed. There was no room to exercise discretion. There was no fact determination to be made."

Whatever merit there may be in appellees' effort to distinguish this case we are bound by the law as declared by the Supreme Court and not by what it may have said but did not say. We consider Warren v. Sanger to be the law, to be good law, to be in point and to be decisive of this case.

Many other similar cases could be cited. We are content to cite the following:

In Johnson v. City of Dallas, Tex.Civ. App., Dallas, 291 S.W. 972, 973, writ dismissed, the Court, in a school case, stated the problem in this language:

"In determining the question of jurisdiction, we are not concerned as to the reasonableness or unreasonableness of the vaccination order complained of, the question for us is, Was the subject within the jurisdiction of the board of education of the city; that is, did it have the power to hear and determine the matter one way or another? If yea, then it is clear appellants should have exhausted their legal remedy by pursuing the method of appeal provided by statute before resorting to the courts. Warren v. Sanger Ind. School Dist. [116 Tex. 183] 288 S.W. 159."

In City of Dallas v. Mosely, Tex.Civ. App., Dallas, 286 S.W. 497, 499, affirmed, Tex.Com.App., 17 S.W.2d 36, the Court

made an excellent statement of the law as we understand it and which is applicable to this case as pleaded:

"The petition in the instant case does not charge an abuse of discretion that could be legally exercised by the board of education, but charges that doing of acts beyond its power and concerning which it had no discretion, and that, in furtherance of such unlawful acts, it is diverting public money, coming into its possession for a special purpose. We do not believe it was the intention of the Legislature in the above-quoted enactment to close the door of the courts to taxpayers in cases of misapplication of public school money by public officers, charged with its proper expenditure, until the slow processes of appeal have been perfected to the state superintendent of public instruction and the state board of education, who are not vested with judicial powers. We think the appeal authorized by the said statute is from purely administrative matters in the conduct of the schools by boards of education."

■ This Court in Chastain v. Mauldin, Tex.Civ.App., 32 S.W.2d 235, 237, speaking through its then Chief Justice McClendon, clearly, succinctly and correctly defined the general authority of administrative officials of our school laws and the limitations upon such authority as follows:

"We have reached the conclusion that the court has jurisdiction and the relief was improperly denied. Generally speaking, the administration of the public school laws of this state are finally vested in the superintendent of public instruction, and where questions involving the proper administration of those laws are involved the courts are without jurisdiction until after appeal to the state superintendent. (Citing authority.)

"There are, however, certain exceptions to this general rule, which have been applied in the following classes of cases:

"First. Those involving the constitutionality of some statute under which a school board purports to act. (Citing authorities.)

"Second. Those in which no statutory authority is given for the act sought to be enjoined. (Citing authority.)

"Third. Those in which property or funds belonging to the school district are about to be diverted from their proper use or purpose. (Citing authorities.)"

See also Adams v. Miles, Tex.Civ.App., San Antonio, 300 S.W. 211, 214, reversed Tex.Com.App., 35 S.W.2d 123; County Board of School Trustees of Limestone County v. Wilson, Tex.Civ.App., Waco, 15 S.W.2d 144, writ dismissed; County Board of School Trustees of Young County v. Bullock Common School District, Tex. Civ.App., Fort Worth, 37 S.W.2d 829, affirmed Tex.Com.App., 55 S.W.2d 538.

■ We cannot add to the force of these authorities or to their clarity of expression. They bespeak error in the action of the Trial Court and for such error its judgment is reversed and this cause is remanded.

We have collaborated in the preparation of this opinion, Chief Justice ARCHER having indicated a desire to dissent.

ARCHER, Chief Justice.

I do dissent.

This is a suit brought by the plaintiffs, tax-paying citizens residing in the Burnet Independent School District located in Burnet and Llano Counties, Texas, seeking to restrain the enforcement and carrying out of a purported contract between the District and the Pioneer Abstract & Title Company, alleged to be owned by Frank True, on the ground that such contract is void and un-

less restrained will result in the unlawful expenditure of public funds of the District created by taxes on plaintiffs' property. Said contract purports to obligate the District to pay to said Abstract Company the sum of $6,600 on September 10, 1957, in consideration of certain services to be performed by it.

A temporary restraining order was issued by the District Court in Burnet County and was continued in effect by order of March 20, 1957, until April 3, 1957, by agreement of the parties.

The defendants filed a plea to the jurisdiction. This plea was sustained and judgment was rendered on April 3, 1957, dismissing the case and refusing to hear the application for temporary injunction.

The appeal is based on two points assigned as error and are as follows:

"1. The error of the Trial Court in dismissing the cause for want of jurisdiction.

"2. The error of the Trial Court in refusing to hear the application for temporary injunction."

The appellants contend that the contract under attack is void, because (1) no funds to be derived from current revenues of the District are, or will be, available to pay the obligation, and therefore creates a debt in violation of the provisions of Article 2749, V.A.C.S., and (2) there is no discretion vested in the school authorities by law, but admitting that if there is such discretion vested in the school authorities that the judgment of dismissal is right.

Appellees claim that their sworn plea to the jurisdiction expressly challenges the jurisdiction of the Trial Court, on the ground that the matters involved in plaintiffs' petition are matters which are peculiarly within the jurisdiction of the school authorities, and as such, cannot be considered by the court until after administrative appeals to higher school authorities have been exhausted.

Since this appeal is from an order dismissing the cause for want of jurisdiction the determination of this action by the Trial Court turns on a construction of the First Amended Petition, the Plea to the Jurisdiction, and the Judgment.

The petition alleges the existence of a bonded debt, with an unpaid balance of $202,600, constituting a fixed obligation which must be paid from local taxes, and that the budget provides for payments on this balance of approximately $14,000 annually.

Further allegations are that there remains an outstanding indebtedness of $39,251.68, originally created for operational and maintenance costs in past years where there were deficits; that in order to pay said debts currently the trustees have set aside from local taxes collected each year an amount sufficient to pay such debts, that the payments for the year 1956–1957 being $12,000 on principal and $2,000 on interest, and future income has been budgeted from local taxes to pay the balance of said indebtedness; that in addition to such above items there are fixed obligations for maintenances and operational costs, etc., which exceed the revenues from taxes collected from the school district for the years 1956–1957 and 1957–1958, including current and delinquent taxes; plaintiffs alleged that despite the existing deficit in funds that on February 18, 1957, the trustees, without authority of law and in disregard to their duty, made and entered into the following contract:

"The State of Texas:

County of Burnet:

"This contract made and entered into by and between Pioneer Abstract & Title Company, hereinafter called 'Pioneer' and the Burnet Independent School District, hereinafter called

'School'; both of Burnet County, Texas, Witnesseth:

"For and in consideration of the certain sum below stated, Pioneer agrees to do and perform for the School the following services:

"1. To transcribe, upon forms furnished by school, the names and addresses of property owners of all property within the bounds of the school district.

"2. To show on said forms, a sample of the general form of which is attached, information concerning (a) approximate acreage of rural tracts and perimeter of urban tracts; (b) size of pertinent structures located thereon; (c) types and quantities of acreage or rural lands as shown on attached card; (d) type of construction of pertinent structures; (e) location of property; (f) photograph of pertinent structures.

"3. To furnish copy of ownership map of Burnet County School District.

"4. To complete above work by August 17, 1957, so that information will be available to School Assessor-Collector for use during school year, 1957–1958. A penalty of $30.00 per day shall be imposed by the school for use of additional time; no premium shall be paid Pioneer for completion of this phase of the contract ahead of time.

"5. To assist School Assessor–Collector in placing on said cards value extensions from representative values furnished by school.

"6. To file, according to property description, all cards in permanent filing cabinets to be furnished by school.

"7. To work with and assist the Assessor-Collector and to appear as a witness for the board of equalization in their work for the school year 1957–1958.

"School agrees to furnish at their own cost, filing cabinets and forms, on September 10, 1957, school agrees to pay Pioneer the sum of $6,600.00 in cash as full and final consideration for the services above stated which shall have then been rendered and which are then yet to be rendered, in accordance with this contract, by Pioneer.

"School further agrees not to sell nor permit the use of the system to any other taxing agency within the county.

"Pioneer agrees to furnish above stated information from its records and from an inspection on the ground. But it is hereby agreed by the school that Pioneer shall not be held liable because of error or omission; and Pioneer agrees to use due skill and diligence in performing such services and to correct all errors of omissions discovered within the first period of rendition following completion.

"It is agreed between the parties that Pioneer can assign its portion of said contract to any person, persons or organizations acceptable to the school.

"Executed in duplicate this 18th day of February, 1957.

"Burnet Independent School District

By G. B. Carson

"Pioneer Abstract & Title Company
By Frank True

"Attest:
"Edgar Seidensticker
"(School Dist. Seal)"

The petition further alleges that no funds are available from the tax collection for the tax year 1957, and no funds are or will be available for the scholastic year 1956–1957, or 1957–1958, to be used to pay

the debts and operating costs of the school; that the trustees had no legal authority to create a debt that cannot be liquidated by the application of available local tax funds of the District of the scholastic year in which such debt is created; that at the time the contract was entered into, it was apparent from the School District records that a deficit existed which would preclude the District from paying the amount set out in the contract from the available funds of the School District for the scholastic year 1956–1957 or 1957–1958, and that such contract is without sanction of law and is absolutely void.

Allegations were made that the contract was void in that it provides for the employment of private people to evaluate the taxable property, before an assessor-collector has been appointed and assessment made, and thereby usurp the powers of the assessor-collector of taxes of the District.

The School District and the named individuals defendants answered the petition and say that the making of the contract and its performance are matters peculiarly within the jurisdiction and discretion of the Board of Trustees of the District, and that the Court could not take jurisdiction until after the plaintiffs have taken administrative appeals to higher school authorities as provided by the statutes, and that such appeals have not been taken.

The appellees denied all and singular the allegations made by appellants.

The crux of this litigation is the necessity or lack of necessity to take appeals to higher school authorities in accordance with the statutes.

On a hearing of the cause, it having been stipulated that the plaintiffs had not taken and prosecuted any appeals from the action of the defendants, in the making of the contract, to any higher school authorities before filing their petition here, the Court sustained the plea to the jurisdiction and dismissed the cause.

I believe that the appellees, the Board of Trustees of the School District, had the authority to make the contract and had the power to appoint a tax assessor-collector for the School District. Contracts of the nature of the one involved herein have been sustained by our courts.

Arts. 2779, 2795, V.A.C.S.; Cherokee County v. Odom, 118 Tex. 288, 15 S.W.2d 538; Crosby v. P. L. Marquess & Co., Tex. Civ.App., 226 S.W.2d 461, er. ref., N.R.E.: Sheffield v. Sheppard, 120 Tex. 583, 39 S.W.2d 1111.

The case is one in which an injunction is sought to restrain the enforcement and carrying out of a purported contract on the ground that the contract is void.

This Court is not called on, under appellants' pleadings, to decide if a suit to restrain the illegal expenditure of school funds under a void contract, that resort must be had to higher school authorities prior to the institution of legal procedure in the courts. We are concerned with the question, under the state of appellants' pleadings if a suit to restrain the enforcement of a contract, that would otherwise be valid, can be maintained on the inconclusive allegations that there would not be future revenues that could be applied to the payment of the cost of such contract or current revenues that could be so applied, where no effort had been made by the plaintiffs in such suit to take appeals to higher school authorities from action of District Trustees in making such contract.

Appellants admit that "If discretion in such matters is vested in the school authorities, the judgment of dismissal is right." and do not question the general rule of law that exhaustion of administrative remedies before resort to court is a necessity and that the rule was not substantially changed by the Gilmer-Aiken law, Arts. 2654–1 to 2654–7, inclusive, Arts. 2922–11 to 2922–22, inclusive, and Art. 7083a, V.A.C.S., and such admission is grounded on the case of Hinojosa v. San Isidro Independent School Dist., Tex.Civ.App., 273 S.W.2d 656, no

writ, in which it was held that the question of whether or not appellant was rightfully dismissed, etc., was one of fact, and that it was therefore necessary to appeal to the proper school authorities before filing suit in the District Court.

Several questions of fact are involved in the determination of the question of whether the contract involved would in fact create a deficiency or whether the School District did, or would have the funds to pay the $6,600 contracted to be paid; and was such sum to be paid from funds of 1956–1957 or 1957–1958, and if the budget for 1956–1957 could be rearranged to provide for payment out of such funds; would the tax rate and assessment for 1957 assure funds sufficient in 1957–1958 to pay the sum set out in the contract, since the tax rate had not been fixed, or the assessed values of property for taxation for 1957 been fixed, and the budget not having been made; or if the trustees had concluded that the items herein mentioned and set out in paragraph 10 of the petition would be illegal and decided not to make such payments, in which event the item of $6,600 in the contract could be paid in lieu of the $12,000 mentioned in paragraph 10 of plaintiffs' petition, and was there an abuse of discretion in making the contract, or in determining to have a School District assessor-collector instead of using the county assessors-collectors, or what contingencies between the date of the contract and August 31, 1957, might provide a surplus in the funds for the current fiscal year.

It is apparent that there are numerous fact questions to be determined before it could be said that the contract was void, I therefore believe that the Trial Court was correct in entering the order herein complained of.

Mission Independent School Dist. v. Diserens, 144 Tex. 107, 188 S.W.2d 568, 161 A.L.R. 877, State ex rel. Nevills v. Sanderson, Tex.Civ.App., 88 S.W.2d 1069.

Appellants cite several cases and quote to some extent from such cases. The first is Warren v. Sanger Independent School Dist., 116 Tex. 183, 288 S.W. 159, but this case is distinguishable from the instant case. There was involved in the Sanger case an effort in 1925 to use 1925 taxes to pay a debt for teachers' salaries incurred in 1924, there being no funds left from the year 1924, and such claim was a deficiency, with no funds, and in such a condition there was no need to exercise discretion or any fact determination to be made.

In the present case the order sustaining the plea and dismissing the cause was rendered when the fiscal year still had five months to run, and it was possible, as has herein been noted, that the Board would have had the money or could have so rearranged its budget for the current fiscal year as to provide the money to pay the sum provided in the contract; and too, it would have been possible and feasible that the funds to be provided for the fiscal year 1957–1958, since no tax rate had been fixed and no assessments for taxes made and no budget for 1957–1958 approved. It would have been proper, and will be proper and lawful to pay the sum provided in the contract from the funds from the 1957–1958 fiscal year.

Crosby v. P. L. Marquess & Co., supra; Teague Independent School Dist. v. Mason, Tex.Civ.App., 233 S.W.2d 176, er. ref.

In Aldine Independent School Dist. v. Standley, 154 Tex. 547, 280 S.W.2d 578, the Supreme Court stated the suit was to recover seven months salary claimed to be due for the balance of the term of the district assessor-collector after his discharge where there were no available funds out of which the claim could have been paid. Then too, the record showed that the claimant had exhausted his remedies provided for appeals and hearing as provided by the statutes.

Chastain v. Mauldin, Tex.Civ.App., 32 S.W.2d 235.

A holding that the contract is void will result in School Districts being unable to secure professional and outside assistance

in efforts to obtain a more adequate and uniform system of valuations and collection of taxes so greatly needed by schools to operate in a manner to meet the needs of the school children.

I would affirm the judgment of the Trial Court.